Filed 3/26/13  P. v. Manuel CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>TITO LAMAR MANUEL,<br><br>        Defendant and Appellant. | A136321<br><br>(Napa County<br>Super. Ct. No. CR160460) |

Appellant and defendant Tito Manuel appeals following the judgment entered following his no contest plea to unlawful taking or driving of a vehicle (Veh. Code § 10851, subd. (a)) and admission of two prison priors (Pen. Code § 667.5, subd. (b)). His appellate counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was notified of his right to file a supplemental brief, but has not done so.  Upon independent review of the record, we conclude no arguable issues are presented for review, and affirm the judgment.

**BACKGROUND**

On February 15, 2012, Highway Patrol Officer Jack Kemper was riding with Officers Insley and Burns, in a patrol car traveling northbound on Highway 29.  The officers noticed a 2008 Honda Accord traveling in the number two lane because the driver was continually tapping the brakes.  The officers followed the Honda as it exited

1

the highway in Yountville. The Honda came to a stop at the intersection of California Drive, but four feet beyond the limit line. The combination of the brake tapping and failure to stop at the limit line were "an attention getter" because brake tapping is a possible sign of impairment and the failure to stop at the limit line was a violation of Vehicle Code section 22450. As the Honda made a right turn onto California, Officer Insley, who was driving, activated the overhead lights. After proceeding through one more intersection, the Honda pulled over and came to a stop.

Officer Kemper exited the patrol car and made contact with defendant. Kemper immediately observed smoke in the car, and a cigar-type residue and a small amount of a leafy green substance in a plastic bag on defendant's lap, which Kemper suspected was marijuana.

Upon running the license plate number of the Honda, Officer Kemper was advised the car was reported stolen by the Vallejo Police Department. At this point, Officer Kemper arrested defendant and searched him. He found a California identification card bearing defendant's name and three debit cards bearing the names of other individuals. Officer Kemper also ran the VIN, and was again advised the car had been reported stolen. He was also advised the license plate did not match the VIN and the plate should have read 6EVH428. A search of the car then turned up a laptop computer. In addition, a white powdery substance was found in the center console which the officer believed was cocaine.

Officer Kemper then advised defendant of his *Miranda*[1] rights, and defendant agreed to speak with Kemper. Defendant said he had gotten the car from "Fred Smith," a "black dude" who lived in Vallejo. Smith had let defendant borrow the car, which defendant had promised to return the following day. Defendant claimed the debit cards were in the Honda when he took it and he had asked Smith if the cards were stolen and Smith had said, "[N]o."

---

[1] *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

The following day, on February 16, 2012, the Napa County District Attorney filed a five-count complaint alleging: felony identity theft (Pen. Code, § 530.5, subd. (a)); felony unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a)); felony receipt of stolen property (Pen. Code, § 496, subd. (a)); misdemeanor false evidence of registration (Veh. Code, § 4462.5); and misdemeanor driving with a revoked or suspended license (Veh. Code, § 14601.1, subd. (a)). As to the felony counts it was further alleged defendant had suffered a prior felony conviction for which he had served a prison term less than five years before incurring the new charges (Pen. Code, § 667.5, subd. (b).) On March 6, the district attorney filed an amended, 13-count complaint alleging: felony unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a)); felony receipt of stolen property, motor vehicle (Pen. Code, § 496d, subd. (a)); felony sale/transportation/offer to sell a controlled substance (Health & Saf. Code, § 11352, subd. (a)); felony possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)); felony receiving stolen property (Pen. Code, § 496, subd. (a)); six counts of felony identity theft (Pen. Code, § 530.5, subd. (a)); misdemeanor false evidence of registration (Veh. Code, § 4462.5); and misdemeanor driving with a revoked or suspended license (Veh. Code, § 14601.1, subd. (a)). As to the felony counts it was further alleged defendant had suffered three prior felony convictions for which he had served a prison term less than five years before incurring the new charges (Pen. Code, § 667.5, subd. (b)).

Following a preliminary examination on March 7, 2012, the trial court held defendant to answer on counts 1 and 2, and the prison prior allegations. He was held not to answer on counts 3 through 11. The district attorney filed a five-count information on March 7, 2012: felony unlawful taking or driving of a vehicle (Veh. Code, § 10851, subd. (a)); felony receipt of stolen property, motor vehicle (Pen. Code, § 496d, subd. (a)); felony receipt of stolen property (Pen. Code, § 496, subd. (a)); misdemeanor false evidence of registration (Veh. Code, § 4462.5); and misdemeanor driving with a revoked or suspended license (Veh. Code, § 14601.1, subd. (a)). As to the felony counts it was further alleged defendant had suffered three prior felony convictions for which he had

3

served a prison term less than five years before incurring the new charges (Pen. Code, § 667.5, subd. (b)). Defendant declined to waive his speedy trial rights.

On May 1, 2012, defendant moved to suppress all evidence from the traffic stop, claiming he had been unlawfully detained. He also moved to dismiss (Pen. Code, § 995) counts 3 and 4 for lack of evidence of knowledge, the ground on which the trial court had dismissed count three of the amended complaint. The prosecutor opposed both motions. As to the motion to suppress, the prosecution argued: the officer had reasonable suspicion to detain defendant on the basis of the moving violation; defendant had no legitimate expectation of privacy in a stolen vehicle; and the officer was aware defendant was on parole and therefore subject to search.

The motions came on for hearing on May 11, 2012. As to his motion to suppress, defendant argued that given the time of night and the position of the patrol car, the officers could not have seen that he came to a stop beyond the limit line. Therefore, there was no basis to effectuate a traffic stop. The prosecution argued the motion should be denied on the basis of Officer Kemper's testimony. The trial court credited the officer's testimony and denied the motion on the ground the moving violation provided a basis for the detention. After reviewing the preliminary hearing transcript, the court also denied the motion to dismiss.

The trial court then turned to a number of in limine matters, including Evidence Code section 1101, subdivision (b), evidence. Defense counsel complained he had received one police report only several weeks earlier and another the day before the hearing. The prosecution stated there had been some confusion and delay in obtaining the information, and the defense was provided copies of the reports as soon as the prosecution received them. After hearing considerable argument, the trial court denied defendant's request to exclude the Evidence Code section 1101, subdivision (b), evidence for untimely disclosure. The court then found good cause to continue the trial date, despite defendant's continued invocation of his speedy trial rights, to allow defense counsel adequate time to prepare. The trial court also denied defendant's request to reduce bail or release him on his own recognizance.

4

On June 1, 2012, at the readiness hearing, the court heard further in limine motions, including on the Evidence Code section 1101, subdivision (b), evidence of two relatively recent vehicle thefts of which defendant was acquitted. The prosecution argued there were significant similarities, including the style and colors of the cars, and location of the thefts, with the present case, and the evidence was relevant to the defendant's knowledge that the car was stolen. The defense argued the evidence and the fact he was acquitted of the thefts was highly prejudicial and would essentially beg for a conviction the "third" time. The trial court agreed, and ruled the evidence would be excluded.

Following this ruling, defendant entered into a negotiated disposition in which he would plead no contest to a violation of Vehicle Code section 10851, subdivision (a), admit two of the prison priors, and be sentenced to the low term of 16 months on the section 10851 charge, to be served on supervision. Defendant initialed and signed a change of plea form, acknowledging the rights he was waiving and setting forth the terms of the bargain. The trial court duly queried defendant on the record that he had read and understood the plea form, had had adequate time to consult with counsel, understood the plea and was freely and voluntarily entering into it. The court then accepted defendant's plea and admissions.

On June 21, 2012, the trial court sentenced defendant in accordance with the terms of the negotiated disposition. He was sentenced to a total of 40 months (16 months on the Vehicle Code section 10851 charge and one year each, consecutively, on the prison priors) and committed to the Napa County Department of Corrections under Penal Code section 1170, subdivision (h)(5)(B). He was given 256 days of custody credits, and the balance of the time suspended, with mandatory supervision imposed subject to enumerated terms and conditions.

## DISCUSSION

As a general rule, Penal Code section 1237.5 precludes an appeal from a judgment of conviction after a no contest or guilty plea unless the defendant has applied for and obtained a certificate of probable cause. There are two exceptions—where there is a search and seizure issue as to which an appeal is proper under Penal Code section 1538.5,

5

subdivision (m), and where the appeal pertains to postplea proceedings for purposes of determining the degree of the crime or the penalty imposed.  (*People v. Shelton* (2006) 37 Cal.4th 759, 766; see also *People v. Buttram* (2003) 30 Cal.4th 773, 780.)  Defendant did not request or obtain a certificate of probable cause, so he is not able to challenge the validity of his plea or any other matter, save his motion to suppress, that preceded the entry of his plea.  (*People v. Cole* (2001) 88 Cal.App.4th 850, 868.)  Upon review of the proceedings pertaining to his motion to suppress, we conclude there is no viable issue on appeal.  The trial court could, and did, credit the testimony of the Highway Patrol Officer, and his testimony established ample basis for the traffic stop.  In all proceedings, defendant was ably represented by counsel.  He duly executed a waiver of rights form that contained all necessary advisements as to his constitutional rights and admonitions as to direct consequences of his plea.  At the sentencing hearing, the trial court made all necessary findings, imposed sentence in accordance with the negotiated disposition and imposed all required fines and fees and reserved restitution.

**DISPOSITION**

After a full review of the record, we find no arguable issues and affirm the judgment.

_____
Banke, J.

We concur:

_____
Margulies, Acting P. J.

_____
Dondero, J.