Filed 3/27/13  P. v. Clarke CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL STEVEN CLARKE,<br><br>    Defendant and Appellant. | 2d Crim. No. B239010<br>(Super. Ct. Nos. F451161, F454029,<br>F464113)<br>(San Luis Obispo County) |

The Criminal Justice Realignment Act of 2011 (Act) became effective on October 1st of that year.  Under the Act, persons convicted of low grade felonies, and who were not otherwise disqualified due to their criminal records, are sentenced to county jail instead of state prison.  Trial courts have discretion to either commit the defendant to county jail for a full term in custody, or impose a "split" sentence consisting of county jail followed by a period of mandatory supervision.  (Pen. Code, § 1170, subds. (h)(5)(A), (h)(5)(B)(i).)[1]  Here we confront the anomaly of a plea bargain entered before the Act's effective date, but for which sentencing occurred after that date.  The "bargain" was that the defendant would serve two years in state prison, a sentence that could not be

---

[1] All undesignated statutory references are to the Penal Code.  References to subdivision (h) of the Act are to section 1170.

imposed. We conclude that this bargain did not preclude the court from imposing a split sentence under the Act.

Michael Steven Clarke appeals the judgment entered following his no contest plea to second degree commercial burglary (§ 459) and his admission of two probation violations and a prior prison term (§ 667.5, subd. (b)). The trial court sentenced him to two years in county jail under subdivision (h)(5)(A) of the Act. Appellant contends the court erred in concluding it lacked discretion to impose a split sentence under subdivision (h)(5)(B)(i) of the Act due to the fact that appellant's pre-Act plea bargain referred to a two-year state prison term. We agree, and accordingly remand for resentencing.

BACKGROUND

On April 14, 2011, appellant pled no contest to three counts of second degree burglary in case number F451161 and one count of second degree burglary in case number F454029. In entering his pleas, he also admitted serving two prior prison terms. Imposition of sentence was suspended and appellant was placed on probation with terms and conditions including that he serve 180 days in county jail. On July 16, 2011, the court revoked appellant's probation and ordered him arrested for failure to report to his probation officer following his release from jail.

On August 22, 2011, a new complaint was filed in case number F464113, charging appellant with another count of second degree burglary and alleging three prior prison terms. On September 13, 2011, he pled no contest to the charge, admitted violating his probation in case numbers F454029 and F451161, and also admitted one prior prison term. In exchange for appellant's plea, the prosecution agreed to dismiss the other two prison priors. It was also agreed that appellant would be sentenced to the midterm of two years in state prison, followed by up to four years on parole. The court accepted the plea, found appellant in violation of his probation, and revoked probation.

2

When the matter was called for sentencing on December 15, 2011,[2] appellant asked the court to sentence him under subdivision (h)(5)(B)(i) of the Act, which had gone into effect on October 1, 2011.[3] Appellant's request was consistent with the probation department's recommendation that appellant serve the remainder of his sentence under mandatory supervision.[4]

The court understood that appellant could not be sentenced to a state prison term as referred to in the plea agreement because he was convicted of second degree burglary and was not otherwise ineligible for a county jail sentence. (§ 1170, subds. (h)(2) & (h)(5); *People v. Clytus* (2012) 209 Cal.App.4th 1001, 1004 (*Clytus*).) The court also believed it lacked discretion to impose anything other than a "straight" jail term as provided under subdivision (h)(5)(A). The court stated: "I've never seen anything where

[2] The matter was originally set for sentencing on October 4, 2011. Appellant was released on his own recognizance pending his sentencing. He failed to appear, however, and was arrested on a bench warrant. On October 12, 2011, appellant moved to withdraw his plea based on newly discovered evidence and the court appointed counsel to review the matter. The court denied appellant's motion to withdraw his plea on October 27, 2011.

[3] Subdivision (h)(5) provides that "[t]he court, when imposing a sentence pursuant to paragraph (1) or (2) of this subdivision, may commit the defendant to county jail as follows: [¶] (A) For a full term in custody as determined in accordance with the applicable sentencing law. [¶] (B)(i) For a term as determined in accordance with the applicable sentencing law, but suspend execution of a concluding portion of the term selected in the court's discretion, during which time the defendant shall be supervised by the county probation officer in accordance with the terms, conditions, and procedures generally applicable to persons placed on probation, for the remaining unserved portion of the sentence imposed by the court. The period of supervision shall be mandatory, and may not be earlier terminated except by court order. Any proceeding to revoke or modify mandatory supervision under this subparagraph shall be conducted pursuant to either subdivisions (a) and (b) of Section 1203.2 or Section 1203.3. During the period when the defendant is under such supervision, unless in actual custody related to the sentence imposed by the court, the defendant shall be entitled to only actual time credit against the term of imprisonment imposed by the court. Any time period which is suspended because a person has absconded shall not be credited toward the period of supervision. [¶] (ii) The portion of a defendant's sentenced term during which time he or she is supervised by the county probation officer pursuant to this subparagraph shall be known as mandatory supervision."

[4] At sentencing, appellant was awarded 185 days of presentence custody credit in case number F464113, and 257 days in case numbers F451161 and F454029.

3

anybody has opined that I can just go against the plea agreement where the D.A. dismissed at least two priors that I can see in here, gave up consecutive punishment, agreed to a two-year commitment." The prosecutor took the position "that a deal was a deal. He agreed to the two years. And I dismissed the prior and was surprised that probation made the recommendation for the split sentence. [¶] So I don't support splitting a sentence. I think he accepted the offer that I made. I've kept up my end of the bargain and I think he should, too." When the court suggested allowing appellant to withdraw his plea and plead "to the sheet," the prosecutor rejected the idea and stated: "I do not want to give [appellant] a chance to withdraw his plea and go at it from this point of view. We made the deal and he should stick with it and get the two years."

The court proceeded to sentence appellant to two years in county jail. Appellant obtained a certificate of probable cause and filed a timely notice of appeal.

DISCUSSION

The sole issue in this appeal is whether the court had discretion to impose a split sentence under subdivision (h)(5)(B)(i) of the Act, notwithstanding the fact that appellant's pre-Act plea agreement had contemplated a state prison term. Appellant contends the court had such discretion because a split sentence was neither expressly nor implicitly precluded under the terms of the plea agreement.[5] In asserting otherwise, the People claim that the plea agreement's reference to a state prison term amounts to a "negotiated term that [appellant] serve actual custody for a specific term of years," even if in county jail. We agree with appellant.

"The Realignment Act 'enacted sweeping changes to long-standing sentencing laws,' including replacing prison commitments with county jail commitments for certain felonies and eligible defendants." (*Clytus, supra*, 209 Cal.App.4th at p. 1004,

---

[5] We note that appellant expressly refrains from asserting that defendants cannot bargain away their right to a split sentence under the Act. On the contrary, he concedes that provisions to that effect "would seemingly be enforceable so long as the judge agreed with the limitation."

4

fn. omitted.) "While the Realignment Act does not reduce the term for any felony, it nonetheless reduces the punishment for the affected crimes. Defendants sentenced under the Realignment Act are not subject to parole and may serve part of their sentences in less restrictive community release. [Citation.]" (*People v. Lynch* (2012) 209 Cal.App.4th 353, 361, fn. 4.)

The crime of which appellant was convicted, felony second degree burglary, is among those that are no longer punishable by a state prison term absent exceptions not relevant here.[6] When appellant entered his plea in September 2011, the statutory sentencing choices other than probation were a state prison term of 16 months, two years, or three years. (Former §§ 18, 461, subd. (b).) After appellant entered his plea but prior to his sentencing, however, the law was changed to provide for a "term of imprisonment" consisting of either a "straight" county jail sentence, or a "split" sentence of jail followed by mandatory supervision. (§ 461, subd. (b); subds. (h)(1), (h)(5) & (h)(6).)

The People assert as they did below that they would be losing the benefit of their bargain if the court were allowed to impose anything other than a straight two-year county jail term because appellant agreed to serve two years in state prison. In so arguing, the People essentially claim that only a straight county jail sentence is the functional equivalent of a state prison term. The Legislature, however, has deemed it otherwise by giving trial courts discretion to impose "a term of imprisonment" consisting of either a straight sentence or a split sentence. Under the Act, a split sentence will subject a defendant to an enhancement on any future sentences just as a straight jail or prison term would. (§ 667.5, subd. (b).) Moreover, neither a straight jail sentence nor a split sentence includes a period of parole. To the extent the People highlight the "actual custody" aspect of the differing sentences, a defendant who receives a split sentence arguably receives a *longer* sentence in that he or she does not earn custody credits for the

---

[6] The Act's sentencing changes do not apply to defendants who have a prior or current serious or violent felony conviction, are required to register as sex offenders, or are sentenced on an enhancement under section 186.11. (Subd. (h)(3).)

5

period of time spent under mandatory supervision. (Subd. (h)(5)(B)(i).) The Legislature has expressly provided that these changes apply to all defendants sentenced after October 1, 2011. It is ultimately irrelevant whether any of these changes can be construed as lessening punishment. The People are in no better position than if they had argued that favorable custody credit changes cannot be applied to inmates who previously agreed to serve a particular term pursuant to a plea bargain.

Although the trial court could not sentence appellant to state prison as referred to in the plea agreement, nothing in that agreement precluded the court from imposing a two-year "term of imprisonment" under subdivision (h)(5)(B)(i) of the new law. If the People wished to include a provision to that effect, they should have included one. As appellant notes, the Act had already been passed when the agreement was executed and was signed into law only a week later. "A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles. [Citations.]" (*People v. Shelton* (2006) 37 Cal.4th 759, 767.) In identifying the terms of such an agreement, "' . . . [w]e may not "create for the parties a contract which they did not make, and . . . cannot insert in the contract language which one of the parties now wishes were there." [Citation.] [¶] . . . [¶] A contract term will be implied only where the term is "indispensable to effectuate the expressed intention of the parties." [Citation.] A term can only be implied ". . . upon grounds of obvious necessity." [Citations.]' [Citation.]" (*People v. Rabanales* (2008) 168 Cal.App.4th 494, 505.)

Appellant's plea agreement contemplated the imposition of a nonprobationary sentence consisting of a two-year term of imprisonment. Although this agreement necessarily precluded the court from granting probation, nothing in the language thereof compelled the court to refrain from exercising its newly-conferred discretion to impose "a term of imprisonment" that includes a period of mandatory

6

supervision.  (Subds. (h)(1) & (h)(5)(B)(i).)  Because the court erroneously believed otherwise, we remand for resentencing.[7]

DISPOSITION

Appellant's two-year county jail sentence is reversed and the matter is remanded for resentencing.  On remand, the court shall determine whether to exercise its discretion to impose a split sentence under section 1170, subdivision (h)(5)(B)(i).

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

---

[7] In remanding, we do not intend to suggest that the court should impose any particular sentence.  We also note that the decision whether to issue a different sentence lies solely with the court.  Appellant asserts that "[b]ecause the passage of time may make a remand of little utility to appellant, this Court should give appellant the choice as to whether to be resentenced or not.  [Citation.]"  Because appellant has notified the court that he has been on bail pending the appeal, we deny his request.

Barry T. LaBarbera, Judge

Superior Court County of San Luis Obispo

_____

California Appellate Project, Jonathan B. Steiner, Executive Director, Suzan E. Hier, Staff Attorney, for Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Linda C. Johnson, Supervising Deputy Attorney General, Carl N. Henry, Deputy Attorney General, for Respondent.