Filed 5/31/13  P. v. Treadway CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHARR RENA TREADWAY,<br><br>        Defendant and Appellant. | A137400<br><br>(Sonoma County<br>Super. Ct. Nos. SCR615732,<br>SCR613996, SCR614157, SCR615668) |

Appellant and defendant Charr Treadway appeals following judgments entered after no contest and guilty pleas in a number of cases.  Her appellate counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was notified of her right to file a supplemental brief, but has not done so.  Upon independent review of the record, we conclude no arguable issues are presented for review, and affirm the judgment.

**BACKGROUND**

*Case Nos. SCR613996, SCR614157, SCR615668*

On February 1, 2012, the Sonoma County District Attorney file a felony complaint in case No. SCR613996 alleging Treadway and Keith Vanguilder unlawfully possessed a controlled substance (methamphetamine) in violation of Health and Safety Code section 11377, subdivision (a).  It was further alleged Treadway committed the offense

1

while out on bail in two other cases. On April 10, 2012, Treadway executed a written waiver of rights pleading no contest to the drug offense.

On February 7, 2012, the Sonoma County District Attorney filed a first amended felony complaint in case No. SCR614157 against Treadway and Vanguilder alleging two counts of burglary of a commercial building (a CVS Pharmacy and a Raley's market) in violation of Penal Code section 459,[1] one count of concealing stolen property (checks and jewelry) in violation of section 496, subdivision (a), and one count of fraudulent use of stolen access cards in violation of section 484e, subdivision (d). It was further alleged Treadway committed the offenses while out on bail in three cases, including case No. SCR613996. On April 10, 2012, Treadway executed a written waiver of rights pleading no contest to the burglary and receiving stolen property charges.

On March 19, 2012, the Sonoma County District Attorney filed a felony complaint in case No. SCR615668 against Treadway alleging one count of receipt or concealment of stolen property (bank check) in violation of section 496, subdivision (a), and one count of possession with intent to pass a forged check in violation of section 475, subdivision (a). It was further alleged Treadway committed the offenses while out on bail in five cases, including case Nos. SCR613996 and SCR614157. On April 10, 2012, Treadway executed a written waiver of rights, but failed to specify her plea (guilty or no contest) to the receiving stolen property charge. The form also identified two out-on-bail enhancements, one in case No. SCR614157 and one in case No. SCR613996.

At the hearing on April 10, 2012, the court indicated it intended to suspend the maximum aggravated term and give Treadway an opportunity to complete a residential drug treatment program. If, for some reason, the court could not impose this sentence, Treadway would be allowed to withdraw her pleas. Thereafter, after making proper inquiry of Treadway as to the voluntariness of her pleas, the court accepted her no contest pleas as indicated on the waiver of rights forms.

---

[1] All further references are to the Penal Code unless otherwise indicated.

*Case No. SCR615732*

Three days after the pleas in the foregoing case, the Sonoma County District Attorney, on April 13, 2012, filed a first amended felony complaint against Treadway and her former spouse, Shawn Peter Treadway. As against Charr Treadway, it alleged three counts of residential burglary and one count of attempted residential burglary in violation of section 459 (and alleged, inter alia, these were serious felonies under section 1192.7, subdivision (c), violent felonies under section 667.5, subdivision (c), and were committed while Treadway was out on bail in case No. SCR614157), three counts of commercial burglary (Walmart, Smith's Rent-A-Car, Macy's, Wells Fargo Bank) in violation of section 459 (and alleged these felonies were committed while Treadway was out on bail in case No. SCR614157), two counts of forgery (checks) in violation of section 470, subdivision (a) (and alleged these felonies were committed while Treadway was out on bail in case No. SCR614157), one count of fraudulent use of an access card in violation of section 484g (and alleged the total value of uses exceeded $950 in a consecutive six-month period and this felony was committed while Treadway was out on bail in case No. SCR614157), one count of concealing stolen property (service lock box, jewelry, credit cards, checks, mail, driver's licenses, financial documents) in violation of section 496, subdivision (a) (and alleged this felony was committed while Treadway was out on bail in case No. SCR614157), and one count of unlawfully possessing a controlled substance (methamphetamine) in violation of Health and Safety Code section 11377, subdivision (a) (and alleged this felony was committed while Treadway was out on bail in case No. SCR614157).

On June 19, 2012, Treadway waived her right to a preliminary hearing in exchange for two counts of the residential burglary counts being dropped and not being filed in the information. On August 22, Treadway filed a motion to "enforce plea agreement," contending the prosecution, on April 10, 2012, in connection with the disposition of the other cases against Treadway, had agreed not to move forward with the instant case. The prosecutor opposed the motion on the ground the agreement had disposed of seven other cases (including Nos. SCR613996, SCR614157, & SCR615668),

3

and did not include case No. SCR615732. Charges were not filed in connection with yet another police report, and that was the matter that had been referenced at the April 10 hearing. The trial court denied the motion, but ruled Treadway could withdraw her pleas in the other cases if she so desired, and "bring herself back to, basically, the position from which she started." The court also dismissed count 2, which in connection with the waiver of the preliminary hearing had been reduced and pleaded in the information as a misdemeanor prowling charge.

On September 21, 2012, when the case was called for trial, the parties reached a negotiated disposition, and Treadway executed a written waiver of rights form. Before the trial court took her pleas, it reiterated it had stated "many times" it was "not indicating any sentence at this time. Your sentence will be determined at the time that you are sentenced, so this is a completely open plea." The court acknowledged Treadway had been "working very hard" while in jail, but also observed she had "a lot of time that [she was] looking at." After voir dire to ensure Treadway's pleas were knowingly and voluntarily made, the court accepted guilty pleas to four counts of second degree burglary (§ 459), one count of possession of stolen property (§ 496, subd. (a)), possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and theft (§ 487, subd. (a)). Treadway further admitted she committed all the offenses while out on bail.

All four cases—Nos. SCR613996, SCR614157, SCR615668 and SCR615732— came on for sentencing on December 6, 2012. Given the number of crimes Treadway committed and the number of individuals who had been victimized, the prosecution urged the court to adopt the recommendation of the Probation Department, a total term of 13 years eight months, with the final three years served on mandatory supervision. Defense counsel argued the trial could and should find unusual circumstances and grant probation, noting Treadway's earlier period of sobriety and efforts while in custody to again address her addiction. The court, noting Treadway repeatedly picked up new criminal charges while on bail and was a pivotal player in all the criminal conduct alleged in the many cases, ruled it could not find unusual circumstances. The court acknowledged that when she is sober, Treadway "by all accounts [is] . . . a good mother . . . daughter, [and] . . .

4

niece." But when she is "using," she is "a monster." While the court could understand "that relapse is part of recovery," it was "another thing to relapse and then make the entire county citizens your victims."

The court accordingly sentenced Treadway to the maximum aggravated time on the principal offense and committed her to an aggregate term of 13 years eight months. At that point, since the court refused to grant probation and was imposing time in custody, defense counsel raised Treadway's right to withdraw her pleas in the cases other than No. SCR615732, as the court had allowed at the April 10 and August 22 hearings. Treadway stated she did not want to do so, and instead wanted to conclude the matters. Accordingly, the court imposed the stated sentence, specifying eight years would be in custody and the balance on mandatory supervision. It further ordered, among other things, that Treadway "successfully complete any programs and services targeting risk factors as directed by the probation officer and jail personnel," register under Health and Safety Code section 11590, have no contact with her spouse except with regard to their children and no contact with Vanguilder, pay restitution and a 10 percent administration fee in an amount and manner determined by the probation officer (noting court review is available), and be subject to full warrantless search. After Treadway waived her right to a hearing and court determination of her ability to pay, the court also imposed a $715 mandatory supervision fee, payable in $25 installments. The court further imposed a $1,200 restitution fine, which included a 10 percent administration fee, to be paid in a manner determined by the probation officer. Restitution was reserved, and ordered joint and several. The court also imposed a $40 court security fee, and a $36 installment administration fee.

## DISCUSSION

As a general rule, section 1237.5 precludes an appeal from a judgment of conviction after a no contest or guilty plea unless the defendant has applied for and obtained a certificate of probable cause. There are two exceptions—where there is a search and seizure issue as to which an appeal is proper under section 1538.5, subdivision (m), and where the appeal pertains to postplea proceedings for purposes of determining

5

the degree of the crime or the penalty imposed.  (*People v. Shelton* (2006) 37 Cal.4th 759, 766; see also *People v. Buttram* (2003) 30 Cal.4th 773, 780.)  Defendant did not request or obtain a certificate of probable cause, so she is not able to challenge the validity of her plea or any other matter, and she made no motion to suppress.  (*People v. Cole* (2001) 88 Cal.App.4th 850, 868.)  In all proceedings, defendant was ably represented by counsel.  She duly executed a waiver of rights forms that contained all necessary advisements as to her constitutional rights and admonitions as to direct consequences of his plea.  At the sentencing hearing, the trial court made all necessary findings, and imposed sentence in accordance with the pleas.  The sentence was a proper exercise of the court's discretion, including the provision for mandatory supervision (§ 1170, subd. (h)(5)(B)).  The court also imposed all required fines and fees and reserved restitution.

### DISPOSITION

After a full review of the record, we find no arguable issues and affirm the judgment.

_____
Banke, J.


We concur:


_____
Margulies, Acting P. J.


_____
Dondero, J.

6