[No. S124503. Jan. 5, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
JONATHAN JOSEPH SHELTON, Defendant and Appellant.

**COUNSEL**

Deborah Prucha, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer, Attorney General, Manuel M. Madeiros, State Solicitor General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Carlos A. Martinez, Janet E. Neeley, Stephen G. Herndon, Maggy Krell and Rachelle A. Newcomb, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**KENNARD, J.**—In this case we granted review on two issues concerning a negotiated plea agreement that includes a sentence "lid" constraining the maximum sentence that the trial court may impose: (1) Must the defendant obtain a certificate of probable cause to challenge on appeal the trial court's legal authority to impose the maximum or "lid" sentence? (2) Is a challenge that is based on the multiple punishment prohibition of Penal Code section 654 barred by rule 4.412(b) of the California Rules of Court, which states that "[b]y agreeing to a specified prison term personally and by counsel, a defendant who is sentenced to that term or a shorter one abandons any claim that a component of the sentence violates [Penal Code] section 654's prohibition of double punishment, unless that claim is asserted at the time the agreement is recited on the record"?

On the first issue, we conclude that inclusion of a sentence lid implies a mutual understanding and agreement that the trial court has authority to impose the specified maximum sentence and preserves only the defendant's right to urge that the trial court should or must exercise its discretion in favor of a shorter term. Accordingly, a challenge to the trial court's authority to impose the lid sentence is a challenge to the validity of the plea requiring a certificate of probable cause. In view of this conclusion, the second issue is moot in this case, and we do not decide it here.

Because the Court of Appeal reached a different conclusion, we reverse its judgment.

### I

On February 4, 2003, the District Attorney of Sacramento County filed a complaint charging defendant Jonathan Joseph Shelton with six felony counts: one count of stalking in violation of a protective order (Pen. Code, § 646.9, subd. (b)), two counts of making a criminal threat (*id.*, § 422), two counts of repeated violation of a protective order (*id.*, § 273.6, subd. (d)), and one count of burglary (*id.*, § 459). At the preliminary hearing on March 28, 2003, the magistrate found that the prosecution had presented evidence sufficient to support each of the charges except burglary, and he ordered that defendant be held to answer on the remaining five counts of the complaint. At the prosecutor's request, the complaint was deemed to be an information.

On May 30, 2003, the parties appeared in superior court and announced a plea agreement under which defendant would plead no contest to two counts—stalking in violation of a protective order (Pen. Code, § 646.9, subd. (b)) as alleged in count one of the information and making a criminal

threat (*id.*, § 422) as alleged in count three of the information—for which defendant would be sentenced to a prison term not to exceed three years and eight months. The trial court explained the sentencing provision of the plea agreement to defendant in these words: "And the lid is three years eight months. Which means that the agreement is that I cannot sentence you to more than three years and eight months and you can argue for something less than three years and eight months. However, the sentence that I will impose will be a Penitentiary [that is, prison] sentence."

The trial court advised defendant of the constitutional rights he would be waiving by entering the pleas of no contest. The prosecutor then recited the factual basis for the pleas: "On and between January 7th of 2003 and February 2nd, 2003, in Sacramento County, the defendant maliciously and repeatedly followed and harassed Dawn Acerbis and made a credible threat with the intent she be placed in reasonable fear for her safety and the safety of her immediate family. The above conduct occurred while the restraining order was in place in Case Number 02M12679. [¶] And on or about January 15th of 2003 in Sacramento County the defendant willfully and unlawfully threatened to kill Dawn Acerbis with the specific intent that she take that as a threat. Further, the threatened crime on its face and the way it was made conveyed an immediate and specific gravity of purpose to Dawn Acerbis and further Dawn Acerbis was reasonably in sustained fear of her safety and the safety of her family based on that." Defendant then formally entered his no contest plea to the two counts. The remaining three counts of the information were "taken under submission for dismissal at the time of Judgment and Sentence."

On July 17, 2003, the parties appeared before the trial court for judgment and sentence. Defendant's attorney argued that the multiple punishment prohibition of Penal Code section 654 applied to the two counts to which defendant had pleaded no contest because "[t]he threat occurred at the time of the stalking and is also one of the elements of the stalking," and, therefore, any sentence imposed for the criminal threat should be stayed. The prosecutor replied: "Well, we pled to three [years] eight [months] regarding those counts. There were other counts that could have been pled to. I didn't know [the] defense was going to raise a 654. . . . It would be my position that although it is part of the same course of conduct, they are clearly different elements and he pled to both."

The trial court asked: "It wasn't a stipulated sentence, it was a lid; is that right?" The prosecutor replied: "Correct." The victim, defendant's former wife Dawn Acerbis, addressed the court. The court then pronounced sentence, imposing the middle term of three years on count one (stalking as defined in Pen. Code, § 646.9, subd. (b)) and one-third of the middle term

consecutive, being an additional eight months, on count three (making a criminal threat as defined in Pen. Code, § 422), for a total aggregate term of three years and eight months. The court explained that it was imposing consecutive terms "in that the crimes were committed at different times or separate places rather than being committed so close in time and place as to indicate a single period of aberrant behavior." The court granted the prosecution's motion to dismiss counts four, five, and six in the "interest of justice in light of the plea."

On July 25, 2003, defendant filed a notice of appeal stating that the only issue to be raised was that "[t]he sentencing [*sic*] for the violation of Penal Code section 422 should have been stayed pursuant to Penal Code Section 654."

The Court of Appeal concluded, first, that by entering into a plea agreement with a sentence lid defendant had not waived the right to raise Penal Code section 654 error on appeal. Second, the court concluded that Penal Code section 654 required a stay of the eight-month term imposed for the criminal threat conviction. Finally, the Court of Appeal determined that because the prosecution had agreed to dismissal of the other three counts under the mistaken belief that the trial court could impose a lawful sentence of three years and eight months on the two counts to which defendant pled no contest, the prosecution should have the option of vacating the pleas and reinstating the dismissed charges. The Court of Appeal directed this disposition: "The judgment is reversed and the cause is remanded to the trial court. If within 30 days of the issuance of the remittitur the district attorney so requests, the trial court shall vacate defendant's guilty plea and reinstate the dismissed charges. Otherwise the judgment shall be modified to impose a section 654 stay of the eight-month sentence for violating section 422, and as so modified the judgment will be affirmed."

Justice Vance Raye dissented. In his view, by agreeing to a plea bargain with a sentence lid, defendant "presumably reserved the right to attempt to persuade the [trial] court to exercise its discretion and impose a lower sentence," but he "did not reserve the right to assert the court was without authority, by virtue of Penal Code section 654, to impose the agreed-upon lid."

We granted the Attorney General's petition for review, which framed these two issues:

"Did the appellate court have jurisdiction to address the merits of appellant's appeal where he failed to obtain a certificate of probable cause and in his appeal challenged the imposition of the sentence lid to which he had agreed pursuant to his plea bargain?"

"Where appellant agreed to a sentence lid as part of the plea bargain, does California Rules of Court, rule 4.412(b), preclude appellant from raising a Penal Code section 654 challenge on appeal?"

## II

Did defendant need to apply for and obtain a certificate of probable cause before he could raise on appeal his claim of trial court sentencing error under Penal Code section 654?

■ Penal Code section 1237.5 provides that a defendant may not appeal "from a judgment of conviction upon a plea of guilty or nolo contendere" unless the defendant has applied to the trial court for, and the trial court has executed and filed, "a certificate of probable cause for such appeal." (See *People v. Mendez* (1999) 19 Cal.4th 1084, 1094–1095 [81 Cal.Rptr.2d 301, 969 P.2d 146].) "Despite this broad language, we have held that two types of issues may be raised on appeal following a guilty or nolo plea without the need for a certificate: issues relating to the validity of a search and seizure, for which an appeal is provided under [Penal Code] section 1538.5, subdivision (m), and issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Buttram* (2003) 30 Cal.4th 773, 780 [134 Cal.Rptr.2d 571, 69 P.3d 420].)

The statutory requirement and its exceptions are embodied in rule 30(b)(4) of the California Rules of Court, which provides that on appeal in a criminal case from a superior court judgment after a plea of guilty or nolo contendere, a defendant must apply for and obtain a certificate of probable cause as required by Penal Code section 1237.5 unless "the notice of appeal states that the appeal is based on: [¶] (A) the denial of a motion to suppress evidence under Penal Code section 1538.5, or [¶] (B) grounds that arose after entry of the plea and do not affect the plea's validity."

■ The crucial question here, disputed by the parties, is whether defendant's sentence challenge based on Penal Code section 654's prohibition against multiple punishment is a challenge that affects the validity of his no contest pleas. "[A] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself" and thus requires a certificate of probable cause. (*People v. Panizzon* (1996) 13 Cal.4th 68, 79 [51 Cal.Rptr.2d 851, 913 P.2d 1061].)

Defendant insists that, by challenging the lid sentence under Penal Code section 654, he is doing no more than arguing in favor of a lesser term, as the plea agreement expressly permitted him to do. The Attorney General argues

in response that by accepting a plea agreement that included a sentence lid, defendant implicitly acknowledged the trial court's legal authority to impose the lid sentence.

■ A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles. (*People v. Toscano* (2004) 124 Cal.App.4th 340, 344 [20 Cal.Rptr.3d 923]; *People v. Gipson* (2004) 117 Cal.App.4th 1065, 1069 [12 Cal.Rptr.3d 478]; *People v. Haney* (1989) 207 Cal.App.3d 1034, 1037 [255 Cal.Rptr. 276]; *People v. Alvarez* (1982) 127 Cal.App.3d 629, 633 [198 Cal.Rptr. 167].) ■ "The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. (Civ. Code, § 1636.) If contractual language is clear and explicit, it governs. (Civ. Code, § 1638.) On the other hand, '[i]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it.' (*Id.*, § 1649; see *AIU [Ins. Co. v. Superior Court* (1990) 51 Cal.3d 807,] 822 [274 Cal.Rptr. 820, 799 P.2d 1253].)" (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264–1265 [10 Cal.Rptr.2d 538, 833 P.2d 545].) "The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties. (Civ. Code, §§ 1635–1656; Code Civ. Proc., §§ 1859–1861, 1864; [citations].)" (*Morey v. Vannucci* (1998) 64 Cal.App.4th 904, 912 [75 Cal.Rptr.2d 573]; see also *People v. Toscano, supra,* at p. 345.)

Applying these principles, we begin with the language of the plea agreement concerning sentencing, as the trial court recited it on the record. The agreement's terms regarding sentencing were, first, that the court could not impose a prison sentence longer than three years and eight months; second, that defendant could "argue for something less than three years and eight months"; and, third, that defendant would be sentenced to state prison rather than be granted probation. The second term, permitting defendant to "argue for" a lesser term, is ambiguous because it could mean either, as defendant argues, that he was permitted to argue *on any ground* for a lesser term or, as the Attorney General argues, that he was permitted to argue for a lesser term *only* by urging the trial court to exercise its *sentencing discretion* in favor of a lesser term.

■ To resolve the ambiguity, we consider the circumstances under which this term of the plea agreement was made, and the matter to which it relates (Civ. Code, § 1647) to determine the sense in which the prosecutor and the

trial court (the promisors) believed, at the time of making it, that defendant (the promisee) understood it (*id.,* § 1649).

From a defendant's point of view, the purpose of a sentence lid is to protect the defendant from a greater sentence. Thus, a sentence lid provision in a plea agreement necessarily implies the defendant's understanding and belief that in its absence the trial court might lawfully have imposed a greater sentence. If the maximum sentence authorized by law were at or below the specified sentence lid, the lid provision would be superfluous and of no benefit to the defendant.

From a prosecutor's point of view, a sentence lid necessarily implies an understanding and belief that the sentence lid is itself a sentence that the trial court may lawfully impose. If the prosecutor understood or believed that the trial court lacked authority to impose the lid sentence, there would be no utility or benefit to specifying that particular length of time as the maximum sentence.

■ Thus, the specification of a maximum sentence or lid in a plea agreement normally implies a mutual understanding of the defendant and the prosecutor that the specified maximum term is one that the trial court may lawfully impose and also a mutual understanding that, absent the agreement for the lid, the trial court might lawfully impose an even longer term.

Viewed in this light, when a plea agreement includes a specified maximum sentence, a provision recognizing the defendant's right to "argue for a lesser term" is generally understood to mean only that the defendant may urge the trial court to exercise its sentencing discretion in favor of imposing a punishment that is less severe than the maximum punishment authorized by law. In this case, it is reasonable to conclude that both the prosecutor and the trial court believed, when the plea bargain was made and accepted by the court, that defendant understood it in the same manner, as reserving to him a right to argue for a sentence less than the specified maximum of three years and eight months only on the ground that the trial court should impose a lesser sentence in the exercise of its sentencing discretion, and not on the ground that the trial court lacked authority to impose the specified maximum sentence.

This understanding of the provision giving defendant a right to "argue for" a lesser sentence is reinforced by the prosecutor's remarks at the sentencing hearing that he did not know defendant intended to raise a challenge to the court's sentencing authority under Penal Code section 654, that the sentence lid of three years and eight months had been a term of the bargain, and that other counts could have been chosen. The implication of those remarks was

that the prosecutor did not understand or believe that defendant had reserved a right to argue that the trial court lacked authority to impose the specified maximum sentence of three years and eight months. Thus, under the totality of the circumstances presented here, we conclude that the mutual intention of the parties, as determined by application of contract principles, was that under the plea agreement's provision permitting defendant to "argue for" a sentence less than the specified maximum of three years and eight months, defendant did not reserve a right to argue that the trial court lacked authority to impose the specified maximum sentence.

Of course, a prosecutor and a defendant may enter into a negotiated disposition that expressly recognizes a dispute or uncertainty about the trial court's authority to impose a specified maximum sentence—because of Penal Code section 654's multiple punishment prohibition or for some other reason—and preserves the defendant's right to raise that issue at sentencing and on appeal. (See *People v. Panizzon, supra,* 13 Cal.4th at p. 78, fn. 8.) In that situation, the plea agreement's validity and enforceability would be unaffected by the ultimate resolution of the disputed issue because each party could be understood to have expressly or impliedly accepted and assumed the risk that the issue would be resolved in the opposing party's favor.

█ Here, however, defendant did not reserve, either expressly or impliedly, a right to challenge the trial court's authority to impose the lid sentence. Because the plea agreement was based on a mutual understanding (as determined according to principles of contract interpretation) that the court had authority to impose the lid sentence, defendant's contention that the lid sentence violated the multiple punishment prohibition of Penal Code section 654 was in substance a challenge to the plea's validity and thus required a certificate of probable cause, which defendant failed to secure. Absent a certificate of probable cause, the Court of Appeal could not entertain his sentence challenge, which was the only issue defendant raised on appeal, and it had no alternative but to dismiss the appeal. (See *People v. Mendez, supra,* 19 Cal.4th at pp. 1096–1099; *People v. Panizzon, supra,* 13 Cal.4th at pp. 89–90; *People v. Young* (2000) 77 Cal.App.4th 827, 834 [91 Cal.Rptr.2d 916].)

*People v. Buttram, supra,* 30 Cal.4th 773, on which defendant relies, is distinguishable. There, the defendant entered a negotiated guilty plea to two felony counts "with an indicated maximum term of six years." (*Id.* at p. 777.) The trial court imposed a six-year state prison sentence. (*Id.* at p. 779.) On appeal, the defendant argued that the trial court had abused its discretion in imposing that sentence. (*Ibid.*) The Court of Appeal dismissed the appeal for failure to secure a certificate of probable cause. (*Id.* at p. 780.)

This court reversed. We explained: "By agreeing only to a maximum sentence, the parties leave unresolved between themselves the appropriate sentence within the maximum. That issue is left to the normal sentencing discretion of the trial court, to be exercised in a separate proceeding." (*People v. Buttram, supra,* 30 Cal.4th at p. 785.) We added: "This exercise of discretion is not made standardless and unreviewable simply because its exercise is confined to a specified range by the terms of a plea bargain that included no express waiver of appeal. In such a circumstance, *when the claim on appeal is merely that the trial court abused the discretion the parties intended it to exercise,* there is, in substance, no attack on a sentence that was 'part of [the] plea bargain.' [Citation.] Instead, the appellate challenge is one contemplated, and reserved, by the agreement itself." (*Id.* at pp. 785–786, italics added, original italics omitted.)

In *Buttram,* we expressly distinguished the situation, present here, in which a defendant on appeal challenges the trial court's *authority* to impose the lid sentence: "Defendant here does not argue that the maximum sentence provided in his plea bargain was invalid because it exceeded the legally authorized sentence for his convictions. He simply seeks to implement the full terms of the bargain by raising appellate challenges to the exercise of individualized sentencing discretion within the agreed maximum that were reserved by the agreement itself. In doing so, we conclude, he need not obtain a certificate of probable cause." (*People v. Buttram, supra,* 30 Cal.4th at p. 790.) Our carefully circumscribed holding was that "absent contrary provisions in the plea agreement itself, a certificate of probable cause is not required to challenge the exercise of individualized sentencing discretion within an agreed maximum sentence." (*Ibid.*)

Because in this case defendant does not contend that the trial court abused its sentencing discretion, but instead that the trial court lacked authority to impose the lid sentence, *Buttram* is not controlling here. More on point is *People v. Young, supra,* 77 Cal.App.4th 827, a Court of Appeal decision that this court discussed and distinguished in *Buttram.* (*People v. Buttram, supra,* 30 Cal.4th at pp. 789–790.) In *Young,* the defendant pled no contest to all charges and admitted "strike" allegations in return for a sentence lid of 25 years to life and reservation of the right to ask the trial court to dismiss one or more of the "strikes." When the trial court declined to dismiss any of the "strikes" and imposed the lid sentence, the defendant argued on appeal that the sentence violated constitutional prohibitions against cruel and unusual punishment. The Court of Appeal dismissed the appeal because defendant had not secured a certificate of probable cause. The court explained: "By arguing that the maximum sentence is unconstitutional, [the defendant] is arguing that part of his plea bargain is illegal and is thus attacking the validity of the plea." (*People v. Young, supra,* at p. 832.)

Like the Court of Appeal in *People v. Young, supra,* 77 Cal.App.4th 827, we here conclude that defendant's challenge to the trial court's sentencing authority is in substance a challenge to the validity of the negotiated plea. Therefore, defendant's failure to secure a certificate of probable cause bars consideration of this challenge and requires dismissal of his appeal.

In light of this conclusion, the other issue on which we granted review— whether defendant's sentence challenge under Penal Code section 654 is barred by rule 4.412(b) of the California Rules of Court—is moot, and we do not address it.

### Disposition

The Court of Appeal's judgment is reversed with directions to dismiss defendant's appeal.

George, C. J., Baxter, J., Chin, J., Moreno, J., and Armstrong J.,[*] concurred.

**WERDEGAR, J.,** Dissenting.—I respectfully dissent. In exchange for his agreement to plead no contest to two of the five felony counts charged, defendant was promised a sentence maximum, or "lid," of three years and eight months. As memorialized by the trial court, the plea agreement expressly reserved defendant's right to "argue for something less than three years and eight months." Nothing in the agreement limited the grounds upon which defendant could argue for a lesser prison sentence, nor did the agreement include any determination that imposition of the lid sentence (or any longer sentence) was authorized under Penal Code section 654 (section 654). For this reason, defendant's appeal based on section 654 is not an attack on the validity of the plea; he therefore was not required to obtain a certificate of probable cause to pursue it.

The majority holds that a plea agreement with a sentence lid "implies a mutual understanding" that the lid is a sentence the court could legally impose. (Maj. opn., *ante,* at p. 768.) I disagree such an agreement carries with it any such necessary implication, in particular that it does so as to the *defense's* understanding of the agreement. The specification of a maximum sentence in a plea agreement is consideration provided *to,* not *by,* the defendant, the defendant's proffered consideration being his agreement to plead guilty or no contest. Thus in entering such a plea agreement the defendant makes no implied promise or representation as to the legality of the lid sentence.

---

[*]Associate Justice of the Court of Appeal, Second Appellate District, Division Five, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

The majority asserts: "From a defendant's point of view, the purpose of a sentence lid is to protect the defendant from a greater sentence. Thus, a sentence lid provision in a plea agreement necessarily implies the defendant's understanding and belief that in its absence the trial court might lawfully have imposed a greater sentence. If the maximum sentence authorized by law were at or below the specified sentence lid, the lid provision would be superfluous and of no benefit to the defendant." (Maj. opn., *ante,* at p. 768.)

The majority's reasoning rests on a false premise. A defendant agreeing to plead to a sentence lid does *not* necessarily believe that a greater sentence is legally possible. Advised by counsel, he may believe, for example, that section 654 prohibits all the combinations of terms that would produce a higher sentence, but at the same time be aware that because section 654 limits are subject to debate, the prosecutor might seek a higher sentence, the court might so sentence him, and an appeal might be unsuccessful. A defendant might, in other words, find the certainty of a sentence lid valuable despite any beliefs he may hold about section 654.

Additionally, the plea agreement might have other provisions—such as the prosecutor's promise to dismiss some of the charges—that are of greater importance to the defense than the sentence lid. That a lid in a given case may prove of little or no value would not necessarily preclude a defendant's agreement to a deal that included such a lid.

Finally, in some cases—and this is one—a sentence *higher* than the lid may be permitted even if under section 654 the lid is not. Here, the court could have sentenced defendant to four years on the stalking count alone (Pen. Code, § 646.9, subd. (b)) even if section 654 precludes the aggregate stalking/criminal threat sentence of three years and eight months (an issue not before this court). The lid was thus of value even if the specified lid sentence itself was precluded by section 654.[1]

---

[1] In the absence of any implication that the *defense* understood the lid or a higher sentence to be legally authorized, there can, of course, be no "mutual understanding" implied in the agreement. (Maj. opn., *ante,* at p. 768.) But even the majority's claim that a *prosecutor* offering a sentence lid must believe the lid to be authorized is flawed. The majority argues that "[i]f the prosecutor understood or believed that the trial court lacked authority to impose the lid sentence, there would be no utility or benefit to specifying that particular length of time as the maximum sentence." (*Ibid.*) The prosecutor, however, seeks no benefit from the sentence lid; he or she offers it as an inducement to the defense's acceptance of the agreement. And, as we have seen, the defense may find the sentence lid an attractive term even if convinced the law does not permit any longer sentence to be imposed. As the defense might value the *certainty* of a specified maximum, the prosecution might offer such a maximum as inducement regardless of either side's belief about what the legal sentence limit should ultimately be.

In sum, the agreement on a sentence lid reflects, at most, a defendant's expectation that the prosecution may and probably will argue for a sentence at that level. But simply because a defendant can anticipate the prosecutor will likely argue that position at sentencing does not mean he necessarily agrees to that legal position. Unless the plea agreement expressly precludes a defense argument for a "sub-lid" sentence based on section 654, the defendant should not be held to such a "mutual understanding."