MULTI MEDIA ZONE, INC., d/b/a School Zone Interactive, a Michigan corporation; School Zone Publishing Corp., Plaintiffs–Appellees,

v.

STAR E MEDIA CORP., a Nevada corporation; E.G. Abbadessa; Gabriel Nassar, Defendants–Appellants.

No. 05–55125.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2007.

Filed March 7, 2007.

---

Ronald M. St. Marie, Esq., Thomas T. Chan, Esq., Chan Law Group LC, Los Angeles, CA, for Plaintiffs–Appellees.

James H. Casello, Esq., Casello & Lincoln, Santa Ana, CA, for Defendants–Appellants.

Before: CANBY and THOMAS, Circuit Judges, and CONLON,* District Judge.

## MEMORANDUM **

Star E Media appeals the district court's summary judgment in favor of Multi Media Zone, Inc. d/b/a School Zone Interactive in School Zone's action for copyright infringement, trademark infringement, and breach of contract. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 920 (9th Cir.1988), we affirm the decision of the district court. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

Star contends that the parties' 2003 agreement eliminated Star's duty, originating under the 2001 agreement, to obtain approval of the four Spanish- and Arabic-language CD–ROM works it produced (the "Localized Works"). The 2003 agreement provides, however, that Star "may not sell or otherwise dispose of any Licensed Product that has not been approved by School

---

* The Honorable Suzanne B. Conlon, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Zone." Schedule A, which sets forth a list of "Products" covered by the agreement, includes the Localized Works. The agreement contains no language evidencing the parties' intent to eliminate the approval requirement for the Localized Works. *See* Cal. Civ.Code § 1638 (the language of a contract, if clear, governs its interpretation); *Milenbach v. Comm'r of Internal Revenue,* 318 F.3d 924, 936 (9th Cir.2003) (under California law, parties' intent is to be inferred, if possible, solely from the written provisions of their contract).

Moreover, the meaning Star attributes to the 2003 agreement is inconsistent with the parties' course of conduct. *See* Cal. Civ.Code § 1647; *People v. Shelton,* 37 Cal.4th 759, 767, 37 Cal.Rptr.3d 354, 125 P.3d 290 (2006) (contracting parties' intent can be determined by circumstances under which parties entered into or negotiated the contract and the parties' subsequent conduct). The parties' correspondence and interactions before and after execution of the 2003 agreement indicate that School Zone's approval was required before Star could distribute the Localized Works. We therefore conclude that the 2003 agreement was not intended to eliminate the requirement that the Localized Works be approved by School Zone.

■ Finally, we reject Star's assertion that any alleged breaches of the parties' 2001 agreement no longer are actionable. In order for the 2003 agreement to operate as a release, it must express clearly the parties' intent to forego all claims arising out of their previous obligations. *See Golden West Credit & Adjustment Co. v. Wilson,* 119 Cal.App. 627, 635–36, 7 P.2d 345 (1932); 13 CORBIN ON CONTRACTS § 71(5) (rev. ed. 2003). Because the 2003 agreement contains no express release lan-

guage, we conclude that it does not operate as a release.

**AFFIRMED.**