Filed 6/13/13  P. v. Zimmerman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

|  |  |
|---|---|
| THE PEOPLE, | C072365 |
| Plaintiff and Respondent, | (Super. Ct. Nos. P11CRF0479 & P11CRF0562) |
| v. | |
| JOSEPH JAMES ZIMMERMAN, | |
| Defendant and Appellant. | |

On October 3, 2011, defendant Joseph James Zimmerman pled no contest to possession of a writing pen knife (former Pen. Code, § 12020, subd. (a)(1))[1] in case No. P11CRF0479 and was placed on three years' probation.

On November 28, 2011, defendant pled no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) in case No. P11CRF0562 and admitted violating his probation in case No. P11CRF0479.  The trial court reinstated probation and ordered defendant to serve 90 days in jail.

---

[1]    Undesignated statutory references are to the Penal Code.  Section 12020 was subsequently repealed and reenacted as former section 20910.  (Stats. 2010, ch. 711, §§ 4, 6.)

1

On October 15, 2012, defendant admitted violating his probation in both cases. The trial court sentenced defendant to two years in state prison in case No. P11CRF0479 and imposed a concurrent two-year term in case No. P11CRF0562.

On appeal, defendant contends the trial court erred in failing to sentence him pursuant to the county jail provisions of the Criminal Justice Realignment Act of 2011 (Stats. 2011, ch. 15, § 482; Stats. 2011, ch. 39, § 53; and Stats. 2011, 1st Ex. Sess., ch. 12, § 35; hereafter Realignment Act). Agreeing with defendant, we vacate the sentence and remand for resentencing pursuant to section 1170, subdivision (h).

## DISCUSSION[2]

Defendant claims he should be sentenced under the Realignment Act's county jail provisions because the Legislature changed the law to make his primary offense subject to the Realignment Act before he was sentenced.

A felon sentenced under the Realignment Act is committed to county jail instead of state prison (§ 1170, subd. (h)(1), (2)), may have a concluding portion of his or her sentence suspended in lieu of probation (§ 1170, subd. (h)(5)), and is not subject to parole (§ 3000 et seq.).

The Realignment Act applies "prospectively to any person sentenced on or after October 1, 2011." (§ 1170, subd. (h)(6).) When defendant entered his plea in case No. P11CRF0479, his crime was not subject to Realignment Act sentencing. (See former § 12020, subd. (a).)[3] When former section 12020 was repealed and reenacted, operative

---

**2** The facts of defendant's crimes are unnecessary to resolve this appeal.

**3** Defendant's other crime, Health and Safety Code section 11377, subdivision (a), in case No. P11CRF0562, was subject to Realignment Act sentencing when he entered his plea in November 2011. (See Health & Saf. Code, § 11377, subd. (a); Stats. 2011, ch. 15, § 171.) In order for defendant to be subject to Realignment Act sentencing, every offense for which he is sentenced must be eligible for the Realignment Act. (§ 1170.1, subd. (a).)

January 1, 2012, as former section 20910, it was still not subject to Realignment Act sentencing. (Former § 20910; Stats. 2010, ch. 711, § 6.) The Legislature then amended former section 20910 to make it subject to Realignment Act sentencing, with an operative date of June 27, 2012. (§ 20910; Stats. 2012, ch. 43, § 92.)

Defendant relies on the rule that statutes mitigating punishment should be applied retroactively unless the Legislature states otherwise. "[W]here the amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed." (*In re Estrada* (1965) 63 Cal.2d 740, 748 (*Estrada*).) Citing *Estrada*, he claims the trial court should have applied the most recent amendment to section 20910 to his sentence.

The Attorney General asserts defendant's contention is not cognizable on appeal because he did not obtain a certificate of probable cause. According to the Attorney General, defendant is challenging a part of his plea agreement, which is not cognizable without a certificate of probable cause. (See *People v. Shelton* (2006) 37 Cal.4th 759, 766 [" '[a] challenge to a negotiated sentence imposed as part of a plea bargain is properly viewed as a challenge to the validity of the plea itself' "].)

The Attorney General is wrong. When defendant pled no contest to former section 12020, the trial court suspended imposition of sentence and placed defendant on probation. "When the trial court suspends imposition of sentence, no judgment is then pending against the probationer, who is subject only to the terms and conditions of the probation. . . . On the defendant's rearrest and revocation of . . . probation, '. . . the court may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the person might have been sentenced.' [Citations.]" (*People v. Howard* (1997) 16 Cal.4th 1081, 1087.) The sentence thus could not be a part of the original plea agreement. Defendant's claim addresses whether the trial court had the authority to sentence him to state prison. This is an issue "regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the

penalty to be imposed," which does not need a certificate of probable cause. (*People v. Buttram* (2003) 30 Cal.4th 773, 780.)

We do not need to rely on *Estrada* to accept defendant's contention because the Legislature's mandate is clear. If a defendant is sentenced on or after October 1, 2011, and the Realignment Act applies to every crime for which he is sentenced, then the trial court must impose sentence in accordance with section 1170, subdivision (h). Defendant was sentenced after the Realignment Act's operative date. Since section 20910 and Health and Safety Code section 11377 were both subject to Realignment Act sentencing at the time defendant was sentenced, the trial court should have imposed sentence pursuant to section 1170, subdivision (h). We shall therefore vacate the sentence and remand for sentencing under the Realignment Act.

## DISPOSITION

The sentence committing defendant to state prison is vacated. The matter is remanded so that the trial court may conduct a new sentencing hearing in conformance with the requirements of the Realignment Act and consistent with this opinion. In all other respects, the judgment of conviction is affirmed.


      BLEASE      , Acting P. J.


We concur:


   NICHOLSON   , J.


   MAURO   , J.


4