Filed 3/28/14  P. v. Ponciano CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JOHNNY LEE PONCIANO,<br><br>Defendant and Appellant. | A135769<br><br>(Del Norte County<br>Super. Ct. Nos. CRF-11-9653, CRF-11-9619-3, & CRF-11-9649) |

### INTRODUCTION

This appeal involves three cases in which the trial court imposed sentence together, pursuant to a negotiated disposition.  Defendant Lee Ponciano was found guilty by a jury of several crimes, including first degree attempted burglary (Pen. Code, §§ 664, 459, 460),[1] in one case, pleaded guilty to petty theft with a prior in another, and had the third case dismissed under the plea agreement.  On appeal, he maintains the plea agreement allowed the trial court to exercise its discretion to determine whether the eight-month sentence for petty theft should run consecutively or concurrently with the sentence in the burglary case, and the court failed to do so.  The Attorney General maintains defendant cannot raise this issue because he failed to obtain a certificate of probable cause, and further asserts the plea agreement mandated the eight-month sentence run consecutively.  We agree with the latter contention, and affirm.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

## FACTUAL AND PROCEDURAL BACKGROUND

We set forth only those facts necessary for a determination of the issues on appeal. On January 12, 2012, the Del Norte County District Attorney filed three informations. The first information in case No. CRF-11-9619-3 charged defendant with first degree attempted burglary (§§ 664, 459, 460), conspiracy to commit first degree burglary (§§ 182, 459, 460) and unauthorized possession of a hypodermic needle (former Bus. & Prof. Code, § 4140). The second information in case No. CRF-11-9649 charged him with petty theft with a prior (Pen. Code, §§ 666, 484). The third information in case No. CRF 11-9653 charged defendant with petty theft with a prior and receiving stolen property (§§ 666, 484, 496, subd. (a)).

In February 2012, the parties initially agreed to a global resolution of all three cases. The agreement included defendant pleading guilty to disorderly conduct instead of attempted burglary. The court expressed concern with the plea, noting the attempted burglary charge "sounded like a very strong case." After reviewing the probation report, the court rejected the plea deal, but indicated it would consider other options, including "terminal disposition of a two-year sentence and the other sentence for the other felony being consecutive."

No plea agreement was reached, and defendant's attorney indicated "he wants to have his day in court." The case against defendant for attempted burglary, conspiracy and unlawful possession of a hypodermic needle went to trial, and a jury found him guilty of all counts.

Following the conviction, but before sentencing, the prosecution noted "our offer is still two years on these [two] cases concurrent with his other matter." Defendant's attorney stated "I've conveyed that offer, and it's been rejected." The court set both cases for trial.

At a hearing on June 6, defendant's attorney stated the parties had reached an agreement. "Resolution is a stipulated term of, I think it's the midterm on two—one count in each case concurrent to the case that he was convicted on the burglary charge." The court indicated it "may or may not accept your plea bargain."

On June 7, the court stated it "had some significant skepticism yesterday when [defendant's counsel] told me that the deal was that he would receive concurrent time in return for pleading guilty . . . ." The deputy district attorney indicated "That is not going to happen," and defense counsel stated "I now know that there's a misunderstanding. I had been told by the district attorney himself that he won't honor or he will not follow that previous discussion. So, yeah, that's—I guess that's not going to happen." After an off-the-record discussion, defendant's attorney stated he "is prepared to enter a plea to one of the cases," the petty theft with priors. Defendant's attorney stated "And understanding that he's looking at the—1/3 the midterm on an aggregate sentence with— in conjunction with the [attempted burglary] case . . . [and] that CRF 11-9649 would be dismissed." The prosecutor stated the "disposition that we just recently fashioned is predicated upon the People's belief that he is getting the aggravated six years." The court indicated "My intended sentence would be the six years with the understanding that he also [will] be admitting one of the two. If he did do that, I assume he would get more time." Defendant's attorney asked "Well, Mr. Ponciano, are you ready to proceed on that basis?" to which he responded "Yes."

Defendant's attorney stated he had a guilty plea declaration form from one of the prior plea agreement proposals which was based on "the concurrency." At the court's request, he amended that form, crossing out the reference to "concurrent" terms and adding "Dismiss Case CRF-11-9649. Sentence agreed 8 mos. *1/3 midterm . . . [¶] *conditioned upon [defendant] receiving 6 years S.P. on CRF-11-9619." The court stated on the record "[T]he plea agreement is that he—in case 11-9653, he's going to enter a plea of eight months. That's the maximum I can give him anyway on that case. And as I understand it, if he gets six years on [the burglary] case, the district attorney will dismiss the one remaining case, 11-9649. And if he gets less than the six years on [that] case, then [the district attorney] can decide to go to trial again and try to get another eight months out of it." Defendant's attorney responded: "Correct."

3

Defendant stated he had read and initialed the plea form and understood what it meant. He subsequently pleaded guilty to petty theft with a prior in case No. CRF-11-9653.

At the sentencing hearing on June 14, the court stated: "there was an agreement fashioned where [defendant] would plead guilty to one of the two remaining felony cases, that's 11-9653, with an understanding that he would receive eight months consecutive on—for case 11-9653 in addition to the sentence in case –actually, he was to get an additional eight months in 11-9619, in addition to the time under 11-9653. [¶] My recollection is that the district attorney's condition that upon the defendant receiving six years aggravated term in case 11-9653 that he would agree to dismiss case 11-9649." Defendant stated "I thought it was eight months that ran concurrent with the six years. [¶] . . . [¶] . . . I think I'm going to pass on that." The court noted defendant had already entered a plea. After a discussion off the record with his attorneys, both indicated they were prepared to go forward with sentencing.

The court sentenced defendant to six years in state prison in case No. CRF-11-9619. In case No. CRF-11-9653, the court stated it was sentencing defendant to "the stipulated term of 1/3 the midterm being eight months in state prison. That will be served consecutive to the time that I just ordered in case 11-9619."

## DISCUSSION

Defendant maintains the trial court violated the plea agreement and his due process rights by failing to exercise its discretion with regard to whether the eight-month sentence on the petty theft case would run concurrently or consecutively.[2] He urges the plea agreement was "silent on the issue of how the eight months should run," and therefore "there is no evidence in the record from which the court can determine . . . what 'agreement'—if any—was reached."

---

[2] There is an exception to the requirement a defendant obtain a certificate of probable cause under section 1237.5 when the appeal raises claims involving alleged violation of the plea agreement. (*People v. Rabanales* (2008) 168 Cal.App.4th 494, 500.)

4

"A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles. [Citations.] 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. (Civ. Code, § 1636.) If contractual language is clear and explicit, it governs. (Civ. Code, § 1638.) On the other hand, "[i]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." [Citations.]' [Citation.] 'The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties. [Citations.]' [Citations.]" (*People v. Shelton* (2006) 37 Cal.4th 759, 767.)

Contrary to defendant's contention, there was no "attempt to change-up the interpretation and terms of the plea agreement on the sentencing date." The terms of the plea agreement are reflected on the record of the hearing at which defendant entered his plea, and indicate the agreement was that the eight-month sentence in case No. CRF-11-9653 was to be consecutive. Defendant's attorney stated "And understanding that he's looking at the—*1/3 the midterm on an aggregate sentence* with—in conjunction with the [attempted burglary] case . . . , [and] that CRF 11-9649 would be dismissed." (Italics added.) The prosecutor stated the "disposition that we just recently fashioned is predicated upon the People's belief that he is getting the aggravated six years." The court indicated "My intended sentence would be the six years with the understanding that he also [will] be admitting one of the two. If he did do that, I assume he would get *more time.*" Defendant's attorney asked "Well, Mr. Ponciano, are you ready to proceed on that basis?" to which he responded "Yes."

The written plea form indicated that understanding. Defendant's attorney stated he had a guilty plea declaration form from one of the prior plea agreement proposals which was based on "the concurrency." At the court's request, he amended that form,

5

crossing out the reference to "concurrent" terms and adding "Dismiss Case CRF-11-9649. Sentence agreed 8 mos. *1/3 midterm . . . [¶]*conditioned upon [defendant] receiving 6 years S.P. on CRF-11-9619." The court stated on the record "the plea agreement is that he—in case 11-9653, he's going to enter a plea of eight months. That's the maximum I can give him anyway on that case. And as I understand it, if he gets six years on [the burglary] case, the district attorney will dismiss the one remaining case, 11-9649. And if he gets less than the six years on [that] case, then [the district attorney] can decide to go to trial again and try to get another eight months out of it." Defendant's attorney responded: "Correct."

The trial court properly sentenced defendant in accord with the plea agreement.

**DISPOSITION**

The judgment is affirmed.

_____

Banke, J.

We concur:


_____

Margulies, Acting P. J.


_____

Becton, J.*

---

*  Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.