Filed 6/2/14  P. v. Littlejohn-Zabel CA5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>CHARLES G. LITTLEJOHN-ZABEL, JR.,<br><br>　　　Defendant and Appellant. | F065616<br><br>(Super. Ct. No. CRF37707)<br><br>**O P I N I O N** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Tuolumne County.  William G. Polley, Judge.

Kelly Lynn Babineau, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Leanne Le Mon and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*　　　Before Gomes, Acting P.J., Detjen, J., Sarkisian, J.†

†　　　Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Appellant, Charles G. Littlejohn-Zabel, Jr. pleaded guilty to committing a lewd act upon a child under the age of 14 (Pen. Code, § 288, subd. (a)).[1] The court imposed a prison term of six years.

On appeal, appellant argues as follows: At the time he waived his right to a preliminary hearing, the prosecution promised him a three-year sentence "cap"; he detrimentally relied on this promise; and therefore he is entitled to specific performance of that promise, i.e., the imposition of a sentence of no more than three years. We dismiss the appeal.

## PROCEDURAL BACKGROUND

Appellant was charged by criminal complaint with a single count of violating section 288, subdivision (a). His preliminary hearing was set for March 7, 2012.[2] At the outset of the proceeding on that day, the following exchange occurred:

"MR. PRICE [defense counsel]: Today, we're going to waive prelim, Your Honor.

"THE COURT: Okay. Any promises, anything like that?

"MR. PRICE: Three-year cap with a 288 (b)(1) [*sic*] examination."[3]

Shortly thereafter, the court advised appellant, and appellant confirmed he understood, that he had a right to a preliminary hearing in which he could cross-examine

---

[1]    All statutory references are to the Penal Code.

[2]    All references to dates of events are to dates in 2012.

[3]    It appears, and the parties agree, that defense counsel misspoke in referring to "288 (b)(1)," and that he meant to refer to section 288.1, which provides, in relevant part: "Any person convicted of committing any lewd or lascivious act … upon or with the body, or any part or member thereof, of a child under the age of 14 years shall not have his or her sentence suspended until the court obtains a report from a reputable psychiatrist … as to the mental condition of that person."

2

witnesses against him and that he could subpoena witnesses to the hearing.  There also occurred the following exchange:

"THE COURT:  And at this time, do you give up your right to a preliminary hearing?

"[Appellant]:  Yes, ma'am.

"THE COURT:  Other than a -- I think you said a three-year cap, have any other promises been made to get you to do this?

"[Appellant]:  No."

Appellant then stated on the record his waiver of his right to a preliminary hearing, and the court found "the waiver has been freely and voluntarily made" and "[appellant's] rights are knowingly, intelligently and understandingly waived," and set appellant's arraignment for March 19.

On March 19, at the arraignment, appellant pleaded not guilty to the single count alleged in the "Complaint deemed an Information," and the court set a trial readiness conference for April 23 and trial for May 2.

On April 23, appellant executed an "ADVISEMENT AND WAIVER OF RIGHTS" form (plea form) which indicates that the "Potential Sentencing Range" for a violation of section 288, subdivision (a) is "3, 6, 8," and that if appellant pleaded guilty or no contest to that offense, he was subject to a "Total Potential Sentence" of eight years. The section of the plea form labeled "Total Potential Sentence" also contained the notation "288.1 EXAM."  Appellant confirmed, by executing the plea form, the following:  "I understand that I will be waiving my right to appeal and I will not be able to appeal from this Court's sentence based on the plea that I enter into in this matter."

At the outset of the court proceeding later that day, before a different judge than the one who had presided at the March 7 hearing, the following exchange occurred:

3

"THE COURT: … [¶] … [¶] Well, Mr. Price, it appears that there's not a plea agreement, but this is a representation by the [c]ourt that your client, if he pleads guilty, will get an examination pursuant to … section 288.1; is that correct?

"MR. PRICE: That's correct, Your Honor.

"THE COURT: All right. Very well."

A short time later, the following exchange occurred:

"THE COURT: … And it's your intention, Mr. Price, to have your client plead to the one count straight up, is that right, … with the [c]ourt's representation?

"MR. PRICE: Yes, Your Honor."

Thereafter, appellant entered his guilty plea.

On May 21 the court ordered a "288.1 evaluation." A psychologist performed the evaluation on June 12 and submitted a report to the probation officer; the probation officer thereafter prepared a report in which she recommended imposition of the six-year midterm; and on July 9 the court imposed the recommended term.

## DISCUSSION

Appellant argues that as part of a plea bargain, the prosecutor promised him he would not receive a sentence exceeding three years if he (appellant) waived his right to a preliminary hearing; appellant detrimentally relied on this promise in waiving his right to a preliminary hearing; and therefore this court should vacate the six-year sentence imposed and remand the matter to the trial court with directions that the trial "order … specific performance of the plea bargain," i.e., impose a sentence of no more than three years. Appellant relies on the principle that a prosecutor may not withdraw from a plea bargain if the defendant has pleaded guilty or otherwise detrimentally relied on the plea bargain. (See *People v. Rhoden* (1999) 75 Cal.App.4th 1346, 1351-1355.) The People first counter that appellant has waived his right to appeal on this ground. The People are correct.

4

*Waiver of Right to Appeal*

As indicated above, appellant stated in the plea form: "I understand that I will be waiving *my right to appeal and I will not be able to appeal from this Court's sentence* based on the plea that I enter in this matter." (Italics added.) Appellant, focusing on the words "based on the plea," argues that he waived only his right to challenge the validity of the plea. He argues further that he is not challenging the validity of the plea but is instead seeking to specifically enforce a plea agreement. We disagree with appellant's interpretation of the waiver provision.

Regardless of whether appellant's argument can be characterized as a challenge to the validity of his plea, it is certainly a challenge to his sentence. In arguing that the trial court must be directed to impose a term of no more than three years, appellant challenges the six-year term imposed by the court, and the waiver provision states that appellant has waived his right to appeal "from [the trial] Court's sentence …." The words "based on the plea" do not change the plain meaning of the words that appellant waives his right to appeal "from [the trial] Court's sentence …."

*Certificate of Probable Cause*

We may not review an appellate challenge to the validity of a plea where the defendant does not obtain a certificate of probable cause. (*People v. Shelton* (2006) 37 Cal.4th 759, 766 (*Shelton*); § 1237.5.) The People also contend the instant appeal is, in essence, a challenge to the validity of appellant's guilty plea and therefore the absence of a certificate of probable cause precludes the instant appeal. Appellant argues "[he] is not challenging the validity of [his] plea, but is seeking specific performance of the plea bargain, and therefore did not need to obtain a certificate of probable cause." We agree with the People.

*Shelton* is instructive. In that case, the parties reached a plea agreement which called for the defendant to plead no contest to two felony counts in exchange for a

5

sentence cap of three years eight months, and the trial court imposed the maximum term allowable under the agreement. On appeal, the defendant, who did not obtain a certificate of probable cause, argued that the sentence imposed violated the section 654 proscription against multiple punishments. The issue before our Supreme Court was whether the defendant could raise this claim of error in the absence of a probable cause certificate.

Under the terms of the agreement, as interpreted by the California Supreme Court using "general contract principles" (*Shelton*, *supra*, 37 Cal.4th at p. 767), the defendant could urge the trial court to exercise its sentencing discretion in favor of imposing a punishment less severe than three years eight months, but could not argue that section 654 precluded imposition on one of the counts to which he plead. (*Shelton*, *supra*, at p. 768). "Because the plea agreement was based on a mutual understanding (as determined according to principles of contract interpretation) that the court had authority to impose the lid sentence, defendant's contention that the lid sentence violated the multiple punishment prohibition of Penal Code section 654 was in substance a challenge to the plea's validity and thus required a certificate of probable cause, which defendant failed to secure." (*Id*. at p. 769.)

Here, on April 23, appellant entered into his negotiated guilty plea with the understanding that (1) the court would order a section 288.1 examination and (2) appellant, if sentenced to prison, could receive a term of three, six or eight years. When we apply general contract principles we conclude that appellant retained the right to argue for probation or a term of three years or six years rather than the eight-year maximum, but, as in *Shelton,* he did not reserve the right to challenge the court's *authority* to impose a sentence within the range allowed by law for the instant offense. Now, on appeal, appellant argues, in effect, that the court lacked the authority to impose a

sentence of greater than three years.  As in *Shelton*, such a challenge was not reserved under the terms of his plea and constitutes a challenge to the validity of the plea.

Appellant's argument that he is seeking to enforce the terms of the plea agreement rather than challenging the plea's validity is premised on the claim that at the time of his plea, an agreement was in place, one of the terms of which was that any prison sentence imposed would not exceed three years.  We reject this premise.

Although at the March 7 proceeding appellant waived his right to a preliminary hearing, he did not enter into a plea agreement at that time, as evidenced by, inter alia, the fact that he did not then enter a plea.  The curious events of March 7—appellant's waiver of his right to a preliminary hearing, a promise of a three-year sentence cap, yet no plea entered—suggest a plea offer was made but appellant had not accepted it, even though he waived his right to a preliminary hearing.  The events that ensued provide further support for this conclusion:  On March 19, appellant entered a plea of *not* guilty; he entered into a negotiated plea on April 23, at which time defense counsel acknowledged no plea agreement was in place and no mention was made of a three-year cap; and on July 9 at sentencing, appellant did not suggest in any way that he believed a sentence in excess of three years was contrary to any agreement that had been reached.  From these events we infer that notwithstanding appellant's March 7 waiver of his right to a preliminary hearing, no plea agreement had been finalized at that point, and that in the interval prior to April 23, either the prosecution withdrew whatever offer had been made or appellant rejected an offer.  Thus, on this record, we conclude that there was no plea agreement in effect on April 23, on that date the terms of the negotiated plea were as indicated above, and appellant's challenge to the sentence imposed is, as demonstrated above, a challenge

7

to the validity of the plea. Therefore, the absence of a certificate of probable cause precludes the instant appeal.[4]

## DISPOSITION

The appeal is dismissed.

---

**4** Because we dismiss the instant appeal on the grounds discussed above, we do not address the merits of appellant's specific performance claim. We note that were we to do so, we would reject appellant's claim because, as demonstrated above, the purported plea agreement which appellant seeks to have specifically performed was not in place at the time of his plea.