MEMORANDUM *
Armando Ybarra appeals the district court’s denial of his habeas corpus petition filed under 28 U.S.C. § 2254. Ybarra’s petition challenges the use of his 1998 conviction of dissuading a witness, in violation of California Penal Code § 136.1, as a strike prior for purposes of California’s three strikes law, CalPenal Code §§ 667(b)-(i), 1170.12. Ybarra argues that his 1998 plea agreement provided that the two offenses to which he was pleading guilty could not be charged as strike priors at any time in the future notwithstanding any changes in the law. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Ybarra claims that the California Court of Appeal’s decision upholding the denial of his motion for specific performance of the 1998 plea agreement was contrary to the United States Supreme Court’s decision in Ricketts v. Adamson, 483 U.S. 1, 5 n. 3, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987) (holding that the interpretation of a state court plea agreement is, “within broad bounds of reasonableness, [a] matter[ ] of state law”). We disagree. Although the Court of Appeal’s decision does not explicitly recite principles of California contract *714 law, it concludes, based on its analysis of the text of the plea agreement and the circumstances surrounding the plea, that “there is nothing in the record other than Ybarra’s own testimony to support his contention that the nature of the section 136.1 charge as a non-strike in perpetuity was ever a bargained-for term of his plea agreement.” Because the Court of Appeal’s decision applies state law within the “broad bounds of reasonableness,” Buckley v. Terhune, 441 F.3d 688, 695 (9th Cir.2006) (en banc) (quoting Ricketts, 483 U.S. at 5 n. 3, 107 S.Ct. 2680), and is consistent with California principles of contract construction, see Doe v. Harris, 57 Cal.4th 64, 158 Cal.Rptr.3d 290, 302 P.3d 598, 605 (2013), “we will not disturb [its] reasonable disposition of th[e] issues,” Ricketts, 483 U.S. at 5 n. 3, 107 S.Ct. 2680.
In any event, even if the California Court of Appeal had committed constitutional error under § 2254(d), we would find no prejudice. Although the handwritten term “not a strike” is ambiguous, the ambiguity dissipates when we “consider the circumstances under which [the notation] was made, and the matter to which it relates.” People v. Shelton, 37 Cal.4th 759, 37 Cal.Rptr.3d 354, 125 P.3d 290, 294 (2006).
The most relevant circumstance here is the history of the plea negotiations. The evidence shows that Ybarra rejected the prosecutor’s first plea offer and then accepted the prosecutor’s second plea offer. The key change in the second offer was the prosecutor’s agreement not to seek a conviction of robbery, a strike offense, and instead to seek a conviction of the lesser included offense of grand theft person, which was “not a strike.” There is no evidence — not even Ybarra’s own testimony — suggesting that the strike or non-strike status of Ybarra’s dissuading a witness conviction was ever discussed with the prosecutor.
Other circumstances further support the State’s construction of the 1998 plea agreement. First, the phrase “not a strike” suggests reference to a single offense, not to multiple offenses. Second, we defer to the Court of Appeal’s reasonable factual determination that the position of the “not a strike” notation indicates that it referred only to the grand theft person offense. Third, and finally, Ybarra’s counsel and the state trial court both emphasized their understanding at the plea proceeding that “the Grand Theft Person [offense] is not a strike.” These statements, made shortly after the court accepted Ybarra’s 1998 plea, are strong, contemporaneous evidence of what the court and both parties understood the phrase “not a strike” to mean. While it is true that in 2004 the same prosecutor’s office charged Ybarra by information yet did not include the 1998 dissuading a witness conviction as a strike prior — even though dissuading a witness had been made a strike offense four years earlier in 2000 — that fact, standing alone, does not overcome the other substantial evidence of how the parties understood the plea agreement in 1998.[1]
Accordingly, we conclude that the district court properly denied Ybarra’s habe-as petition.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Ybarra’s request for judicial notice, filed on March 14, 2014, is GRANTED.