D.W. NELSON, Senior Circuit Judge,
dissenting:
Because I would reverse the district court with instructions to grant the petition, I respectfully dissent.
I would not accord AEDPA deference to the state court decision. The state court did not analyze the plea agreement pursu *715 ant to state contract law, as required under clearly established federal law. Buckley v. Terhune, 441 F.3d 688, 695 (9th Cir.2006) (en banc). I therefore would review the petition de novo. .
California contract law provides three steps for construing a plea agreement. First, we look to the plain meaning of the language in the agreement. Id. (citing Cal. Civ.Code §§ 1638, 1644). The majority found the phrase “not a strike” ambiguous, and I agree.
Having found the disputed term ambiguous, we must next look to Ybarra’s objectively reasonable expectations in accepting the plea agreement. Id. As part of this inquiry, we must consider “not a strike” in the context of the entire plea agreement and in light of the relevant surrounding circumstances. Id. at 698. It is here that my views diverge from those of the majority-
Looking at the plea agreement as a whole, I read “not a strike” to mean that Ybarra would not sustain any strikes from his 1998 conviction. First, the notation appears in the section of the plea agreement listing the terms to which the prosecutor agreed. This placement suggests that “not a strike” reflects an additional term agreed to by the prosecutor rather than an explanation that one or both charges did not carry strikes. Indeed, the parties already knew that neither conviction contained in the plea agreement carried a strike. Thus, to serve any purpose, the term “not a strike” must mean something more than a statement of the law as everyone knew it existed. Moreover, we are called to interpret “not a strike” in a way that avoids rendering it meaningless. See Cal. Civ.Code § 1651 (“The whole of the contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other.”). In my view, then, the most sensible way to construe “not a strike” is as an agreement by the prosecutor that Ybarra’s 1998 conviction would carry no strikes.
My reading of the record also suggests that everyone concerned understood that Ybarra’s willingness to plead guilty hinged on him not incurring any strikes. In fact, Ybarra testified before the state court that he asked his attorney “to negotiate a deal that did not carry a strike and included in the plea bargain a written statement.” Notably, two days before signing the underlying plea agreement, Ybarra rejected a nearly identical offer from the prosecutor because it included a strike. From this uncontroverted evidence, it seems plain that Ybarra had one consistent goal in securing an acceptable guilty plea: not incurring any strikes on his record as' a result of his 1998 conviction. The evidence also persuades me that Ybarra had an objectively reasonable basis for believing that the 1998 plea deal satisfied his purpose in pleading guilty.
The parties’ subsequent behavior also is instructive. See People v. Shelton, 37 Cal.4th 759, 37 Cal.Rptr.3d 354, 125 P.3d 290, 294 (2006). In 2004, four years after dissuading a witness had been recategor-ized as a strike, the same district attorney’s office involved in the 1998 plea deal prosecuted Ybarra. Though the prosecutor listed the dissuading-a-witness conviction as a prior for other purposes, it did not charge that offense as a strike prior. Moreover, the prosecutor charged one of Ybarra’s other prior convictions as a strike in the same proceedings. This decision suggests that the parties understood that the 1998 plea deal carried no strikes, regardless of subsequent changes in the law,
To the extent any uncertainty about the contract persists after considering Ybar-ra’s objectively reasonable expectations, the contract as a whole and the surround *716 ing circumstances, the court should construe the contract in Ybarra’s favor. Buckley, 441 F.3d at 698 (citing Cal. Civ. Code § 1654). Though I believe the plea agreement and its context support specific performance of the plea deal, any remaining ambiguity should favor Ybarra. I would grant the petition.