Filed 11/3/15  P. v. Watts CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>TELLY WATTS,<br><br>  Defendant and Appellant. | A144838<br><br>(San Mateo County<br>Super. Ct. No. SC079316A) |

Defendant Telly Watts appeals from a judgment entered pursuant to no contest pleas to one felony count of second degree burglary (Pen. Code, § 460, subd. (b)),[1] one felony count of unlawful use of personal identifying information (§ 530.5, subd. (a)), and one felony count of grand theft of access cards or account information (§ 484e, subd. (d)). He also admitted a prior strike allegation (§ 1170.12, subd. (c)(1)).  The court hereafter imposed the negotiated disposition, sentencing him to a 16-month sentence for the burglary count to be served consecutively to an outstanding case out of Amador County. It also imposed 16-month sentences for the other two counts, to run concurrently with the sentence on the burglary count.

A month later, defendant filed a petition for resentencing pursuant to Proposition 47 (§ 1170.18), seeking reduction of the counts to misdemeanors.  The trial court granted the petition in part and reduced the burglary and grand theft counts to misdemeanors.  The court resentenced defendant to a 16-month term, this time by doubling one-third of the middle term for the unlawful use of personal identifying

---

[1]  All further statutory references are to the Penal Code.

1

information conviction, again to run consecutively to the Amador County case. It also denied probation and imposed time-served county jail sentences for the two misdemeanors.

His appellate counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment. (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.) Defendant was notified of his right to file a supplemental brief, but has not done so. Upon independent review of the record, we conclude no arguable issues are presented for review, and affirm the judgments.

Section 1237.5 generally precludes an appeal from a judgment of conviction after a plea of no contest or guilty unless the defendant has applied for, and the trial court has granted, a certificate of probable cause. There are two exceptions: (1) a challenge to a search and seizure ruling, as to which an appeal is proper under section 1538.5, subdivision (m); and (2) postplea sentencing issues. (*People v. Shelton* (2006) 37 Cal.4th 759, 766; see also *People v. Buttram* (2003) 30 Cal.4th 773, 780.) Defendant requested, but was denied a certificate of probable cause. He did not file a suppression motion, and the court made no search and seizure ruling.

Therefore our review is of the postplea record. It shows defendant was ably represented by counsel. Defendant completed and executed a written felony plea form. The court fully advised defendant in taking his no contest plea. There was no abuse of discretion in sentencing, and the court sentenced defendant in accordance with the negotiated disposition. (See *People v. Tang* (1997) 54 Cal.App.4th 669, 679 [" ' "severity of the sentence and the placing of defendant on probation rest in the sound discretion of the trial court" ' "].) The court properly ordered custody credits and imposed fines and fees. The court also acted properly on defendant's resentencing petition, and again did not abuse its discretion in connection with resentencing.

After a review of the relevant record, we find no arguable issues and affirm the judgment.

                                                       _____

                                                       Banke, J.

We concur:

_____

Humes, P. J.

_____

Margulies, J.