Filed 12/18/14  P. v. Waltz CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DAVID LEE WALTZ,<br><br>        Defendant and Appellant. | A142225<br><br>(Mendocino County<br>Super. Ct. No. SCUKCRCR1475537) |

Defendant David Lee Waltz appeals following a judgment entered pursuant to no contest pleas in two cases.  In the first, case No. 14-75537, he pled no contest to possession of a controlled substance for sale (Health & Saf. Code, § 11378) and admitted a prior strike offense (Pen. Code, §§ 1170.12, 667) and two prior prison terms (*id.*, § 667.5, sub. (b)).  The trial court sentenced him to a total of eight years (three-year upper term for the drug offense, doubled to six years by virtue of the prior strike, plus additional one-year terms for the two prison priors).  In the second case, No. 14-75842, he pled no contest to second degree burglary.  The court sentenced him to 16 months (one-third the midterm for the burglary, doubled pursuant to the same strike) to run consecutively.

His appellate counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.)  Defendant was notified of his right to file a supplemental brief, and has done so.  Upon independent

1

review of the record, we conclude no arguable issues are presented for review, and affirm the judgments.

DISCUSSION

Penal Code section 1237.5 generally precludes an appeal from a judgment of conviction after a plea of no contest or guilty unless the defendant has applied for, and the trial court has granted, a certificate of probable cause. There are two exceptions: (1) a challenge to a search and seizure ruling, as to which an appeal is proper under Penal Code section 1538.5, subdivision (m); and (2) postplea sentencing issues. (*People v. Shelton* (2006) 37 Cal.4th 759, 766; see also *People v. Buttram* (2003) 30 Cal.4th 773, 780.) Although defendant signed the bottom of an application form for a certificate of probable cause, he did not fill out the form and, specifically, did not fill out the part of the form identifying any "reasonable constitutional, jurisdictional, or other grounds going to the legality of" the plea. The trial court apparently took no action, and neither granted nor denied the application. Since defendant failed to file a completed application, he is not able to challenge the validity of his plea or any other matter that preceded its entry, except as permitted under the exceptions. (*People v. Cole* (2001) 88 Cal.App.4th 850, 868.) We add, that given defendant's waiver of a preliminary hearing and the agreed-to disposition, defendant's failure to pursue a probable cause certificate was imminently reasonable.

Defendant made no motion to suppress. Therefore our review is of the postplea record. It shows defendant was ably represented by counsel. At counsel's request, the trial court reduced restitution fund fines. Also, on counsel's request that the court recommend defendant for fire camp if he is determined to be eligible, the trial court stated that while it would not make such an affirmative recommendation, it "would have no objection to him serving his time in a forestry camp once he's below seven years."

The court fully advised defendant in taking his no contest plea, sentenced defendant in accordance with the stipulated disposition, properly ordered custody credits, and imposed all required fines and fees.

## DISPOSITION

After a review of the relevant record, we find no arguable issues and affirm the judgments.

_____
Banke, J.

We concur:


_____
Margulies, Acting P. J.


_____
Dondero, J.

4