Filed 12/31/14  P. v. Abelar CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RYAN KEITH ABELAR,<br><br>        Defendant and Appellant. | A141597<br><br>(Marin County<br>Super. Ct. Nos. SC187393A &<br>SC187528A) |

Defendant Ryan Keith Abelar appeals following judgments entered pursuant to guilty pleas in the two referenced cases.  In the first, case No. SC187393A he pled guilty to inflicting corporal injury on a spouse (Pen. Code, § 273.5, subd. (a)); in the second, case No. SC187528A, guilty to unlawful use of tear gas (*id.*, § 22810, subd. (g)(1)).  He also admitted probation violations in several other cases not at issue here.  The trial court sentenced him to a total of two years (two-year low term for the corporal injury conviction and a concurrent 16-month low term for the unlawful tear gas use conviction).

His appellate counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment.[1]  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellate counsel

---

[1]  Appointed appellate counsel determined there were errors in the calculation of custody credits and in the abstract of judgment as to the sentence on the use of tear gas conviction.  Counsel sought, and obtained, corrections in the trial court.  This court received a copy of the corrected abstract of judgment on November 6, 2014.

1

declared, on November 19, 2014, he would promptly notify defendant of his right to file a supplemental brief. Upon independent review of the record, we conclude no arguable issues are presented for review, and affirm the judgments.

## DISCUSSION

Penal Code section 1237.5 generally precludes an appeal from a judgment of conviction after a plea of no contest or guilty unless the defendant has applied for, and the trial court has granted, a certificate of probable cause. There are two exceptions: (1) a challenge to a search and seizure ruling, as to which an appeal is proper under Penal Code section 1538.5, subdivision (m); and (2) postplea sentencing issues. (*People v. Shelton* (2006) 37 Cal.4th 759, 766; see also *People v. Buttram* (2003) 30 Cal.4th 773, 780.) The record contains no probable cause certificate, and defendant made no motion to suppress (the matters resolved prior to preliminary hearing). Therefore our review is of the postplea record.

It shows defendant was ably represented by counsel. After counsel's argument on the matter, the trial court denied the prosecution's request for a protective order in the pepper spray case and issued a protective order only in the domestic violence case.

The court fully advised defendant in taking his pleas, sentenced defendant in accordance with the stipulated disposition, and imposed all required fines and fees. As noted, custody credits were corrected by an amended abstract of judgment.

## DISPOSITION

After a review of the relevant record, we find no arguable issues and affirm the judgments.

_____

Banke, J.

We concur:


_____

Humes, P. J.


_____

Dondero, J.