**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARMANDO YBARRA,

          Petitioner-Appellant,

    v.

M. D. STAINER,

          Respondent-Appellee.

No. 12-56901

D.C. No. 5:11-cv-01837-PSG-PJW

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Argued and Submitted February 3, 2015
Pasadena, California

Before: D.W. NELSON, BYBEE, and IKUTA, Circuit Judges.

Armando Ybarra appeals the district court's denial of his habeas corpus

petition filed under 28 U.S.C. § 2254. Ybarra's petition challenges the use of his

1998 conviction of dissuading a witness, in violation of California Penal Code

§ 136.1, as a strike prior for purposes of California's three strikes law, Cal. Penal

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Code §§ 667(b)–(i), 1170.12.  Ybarra argues that his 1998 plea agreement provided that the two offenses to which he was pleading guilty could not be charged as strike priors at any time in the future notwithstanding any changes in the law.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ybarra claims that the California Court of Appeal's decision upholding the denial of his motion for specific performance of the 1998 plea agreement was contrary to the United States Supreme Court's decision in *Ricketts v. Adamson*, 483 U.S. 1, 5 n.3 (1987) (holding that the interpretation of a state court plea agreement is, "within broad bounds of reasonableness, [a] matter[] of state law").  We disagree.  Although the Court of Appeal's decision does not explicitly recite principles of California contract law, it concludes, based on its analysis of the text of the plea agreement and the circumstances surrounding the plea, that "there is nothing in the record other than Ybarra's own testimony to support his contention that the nature of the section 136.1 charge as a non-strike in perpetuity was ever a bargained-for term of his plea agreement."  Because the Court of Appeal's decision applies state law within the "broad bounds of reasonableness," *Buckley v. Terhune*, 441 F.3d 688, 695 (9th Cir. 2006) (en banc) (quoting *Ricketts*, 483 U.S. at 5 n.3), and is consistent with California principles of contract construction, *see Doe v.*

2

*Harris*, 302 P.3d 598, 605 (Cal. 2013), "we will not disturb [its] reasonable disposition of th[e] issues," *Ricketts*, 483 U.S. at 5 n.3.

In any event, even if the California Court of Appeal had committed constitutional error under § 2254(d), we would find no prejudice. Although the handwritten term "not a strike" is ambiguous, the ambiguity dissipates when we "consider the circumstances under which [the notation] was made, and the matter to which it relates." *People v. Shelton*, 125 P.3d 290, 294 (Cal. 2006).

The most relevant circumstance here is the history of the plea negotiations. The evidence shows that Ybarra rejected the prosecutor's first plea offer and then accepted the prosecutor's second plea offer. The key change in the second offer was the prosecutor's agreement not to seek a conviction of robbery, a strike offense, and instead to seek a conviction of the lesser included offense of grand theft person, which was "not a strike." There is no evidence—not even Ybarra's own testimony—suggesting that the strike or non-strike status of Ybarra's dissuading a witness conviction was ever discussed with the prosecutor.

Other circumstances further support the State's construction of the 1998 plea agreement. First, the phrase "not a strike" suggests reference to a single offense, not to multiple offenses. Second, we defer to the Court of Appeal's reasonable factual determination that the position of the "not a strike" notation indicates that it

3

referred only to the grand theft person offense. Third, and finally, Ybarra's counsel and the state trial court both emphasized their understanding at the plea proceeding that "the Grand Theft Person [offense] is not a strike." These statements, made shortly after the court accepted Ybarra's 1998 plea, are strong, contemporaneous evidence of what the court and both parties understood the phrase "not a strike" to mean. While it is true that in 2004 the same prosecutor's office charged Ybarra by information yet did not include the 1998 dissuading a witness conviction as a strike prior—even though dissuading a witness had been made a strike offense four years earlier in 2000—that fact, standing alone, does not overcome the other substantial evidence of how the parties understood the plea agreement in 1998.[1]

Accordingly, we conclude that the district court properly denied Ybarra's habeas petition.

**AFFIRMED.**

---

[1] Ybarra's request for judicial notice, filed on March 14, 2014, is GRANTED.

FILED

MAR 03 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Ybarra v. Stainer*, 12-56901

D.W. Nelson, Senior Circuit Judge, dissenting:

Because I would reverse the district court with instructions to grant the petition, I respectfully dissent.

I would not accord AEDPA deference to the state court decision. The state court did not analyze the plea agreement pursuant to state contract law, as required under clearly established federal law. *Buckley v. Terhune*, 441 F.3d 688, 695 (9th Cir. 2006) (en banc). I therefore would review the petition de novo.

California contract law provides three steps for construing a plea agreement. First, we look to the plain meaning of the language in the agreement. *Id.* (citing Cal. Civ. Code §§ 1638, 1644). The majority found the phrase "not a strike" ambiguous, and I agree.

Having found the disputed term ambiguous, we must next look to Ybarra's objectively reasonable expectations in accepting the plea agreement. *Id.* As part of this inquiry, we must consider "not a strike" in the context of the entire plea agreement and in light of the relevant surrounding circumstances. *Id.* at 698. It is here that my views diverge from those of the majority.

Looking at the plea agreement as a whole, I read "not a strike" to mean that Ybarra would not sustain any strikes from his 1998 conviction. First, the notation appears in the section of the plea agreement listing the terms to which the prosecutor agreed. This placement suggests that "not a strike" reflects an

additional term agreed to by the prosecutor rather than an explanation that one or both charges did not carry strikes. Indeed, the parties already knew that neither conviction contained in the plea agreement carried a strike. Thus, to serve any purpose, the term "not a strike" must mean something more than a statement of the law as everyone knew it existed. Moreover, we are called to interpret "not a strike" in a way that avoids rendering it meaningless. *See* Cal. Civ. Code § 1651 ("The whole of the contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."). In my view, then, the most sensible way to construe "not a strike" is as an agreement by the prosecutor that Ybarra's 1998 conviction would carry no strikes.

My reading of the record also suggests that everyone concerned understood that Ybarra's willingness to plead guilty hinged on him not incurring any strikes. In fact, Ybarra testified before the state court that he asked his attorney "to negotiate a deal that did not carry a strike and included in the plea bargain a written statement." Notably, two days before signing the underlying plea agreement, Ybarra rejected a nearly identical offer from the prosecutor because it included a strike. From this uncontroverted evidence, it seems plain that Ybarra had one consistent goal in securing an acceptable guilty plea: not incurring any strikes on his record as a result of his 1998 conviction. The evidence also persuades me that

2

Ybarra had an objectively reasonable basis for believing that the 1998 plea deal satisfied his purpose in pleading guilty.

The parties' subsequent behavior also is instructive. *See People v. Shelton*, 125 P.3d 290, 294 (Cal. 2006). In 2004, four years after dissuading a witness had been recategorized as a strike, the same district attorney's office involved in the 1998 plea deal prosecuted Ybarra. Though the prosecutor listed the dissuading-a-witness conviction as a prior for other purposes, it did not charge that offense as a strike prior. Moreover, the prosecutor charged one of Ybarra's other prior convictions as a strike in the same proceedings. This decision suggests that the parties understood that the 1998 plea deal carried no strikes, regardless of subsequent changes in the law.

To the extent any uncertainty about the contract persists after considering Ybarra's objectively reasonable expectations, the contract as a whole and the surrounding circumstances, the court should construe the contract in Ybarra's favor. *Buckley*, 441 F.3d at 698 (citing Cal. Civ. Code § 1654). Though I believe the plea agreement and its context support specific performance of the plea deal, any remaining ambiguity should favor Ybarra. I would grant the petition.