Filed 11/3/15  P. v. Sanchez CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VINCENT EARNEST SANCHEZ,<br><br>    Defendant and Appellant. | A144554<br><br>(Humboldt County<br>Super. Ct. No. CR140418) |

Defendant Vincent Sanchez appeals from a judgment entered pursuant to guilty pleas to two counts of second degree murder with a single firearm use enhancement (Pen. Code, §§ 187, subd. (a), 12022.5, subd. (a)).[1]  The court thereafter imposed the negotiated disposition, sentencing him on count 1 to 15 years to life in state prison, with an additional 10-year term for gun use, and on count 2 to a consecutive 15 years-to-life term, for a total prison term of 40 years to life, with day-for-day credit only and with the possibility of parole (for life) after 40 years.

Defendant's appellate counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment. (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.) Defendant was notified of his right to file a supplemental brief, but has not done so. Upon independent review of the record, we conclude no arguable issues are presented for review, and affirm the judgments.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

1

Section 1237.5 generally precludes an appeal from a judgment of conviction after a plea of no contest or guilty unless the defendant has applied for, and the trial court has granted, a certificate of probable cause. There are two exceptions: (1) a challenge to a search and seizure ruling, as to which an appeal is proper under section 1538.5, subdivision (m); and (2) postplea sentencing issues. (*People v. Shelton* (2006) 37 Cal.4th 759, 766; see also *People v. Buttram* (2003) 30 Cal.4th 773, 780.) Defendant did not request a certificate of probable cause, nor did he make a suppression motion. Therefore our review is of the postplea record.

It shows defendant was ably represented by counsel. Although there is no written waiver of rights form in the record and no mention of such during the change of plea hearing, the trial court extensively and fully advised defendant as to the specifics of the negotiated disposition and the rights he was waiving in pleading guilty. The court also conducted adequate voir dire of defendant before finding his pleas were knowingly and voluntarily made. There was no abuse of discretion in sentencing, and the court sentenced defendant in accordance with the negotiated disposition. The court properly ordered day-for-day custody credits in accordance with the negotiated disposition and ordered restitution and imposed appropriate fines and fees, waiving booking and attorney fees on inability to pay grounds. The amended abstract of judgment dated March 11, 2015, accurately reflects the court's sentence.

## DISPOSITION

After a review of the relevant record, we find no arguable issues and affirm the judgment.

_____
Banke, J.


We concur:


_____
Humes, P. J.


_____
Dondero, J.