Filed 7/1/16  P. v. Olvera CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JESUS U. OLVERA,<br><br>    Defendant and Appellant. | D068367<br><br><br><br>(Super. Ct. Nos. SCS278995,<br>SCD260762) |

APPEAL from a judgment of the Superior Court of San Diego County,

Garry G. Haehnle, Judge.  Affirmed.

Johanna S. Schiavoni, under appointment by the Court of Appeal, for Defendant

and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Michael P.

Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

I.

INTRODUCTION

Defendant Jesus U. Olvera appeals from a judgment of conviction after he pled guilty to bringing 4.7 kilos of methamphetamine into the United States from Mexico, after having previously been convicted of possession of a large amount of cocaine for sale and while on mandatory supervision for that prior crime.

On appeal, Olvera contends that his plea agreement required the trial court to impose a split sentence if he was otherwise eligible for one under the law.[1] He contends in the alternative that the trial court abused its discretion in failing to impose a split sentence.

We conclude that the written recording of the terms of the plea agreement, which includes much shorthand, including the phrase "split if eligible," is ambiguous as to whether the parties agreed that Olvera would automatically receive a split sentence if he was determined to be eligible for such a sentence under the law, or rather, that the court would consider imposing a split sentence if it was determined that he was eligible for such a sentence under the law. The parties' subsequent conduct, in response to the trial court's description of the terms of the plea agreement and specifically, the court's statement that the agreement provided that the court would "look at" imposing a split

---

[1] "A split sentence is a hybrid sentence in which a trial court suspends execution of a portion of the term and releases the defendant into the community under the mandatory supervision of the county probation department. Such sentences are imposed pursuant to Penal Code section 1170, subdivision (h)(5)(B)(i), a provision originally adopted as part of the '2011 Realignment Legislation addressing public safety.' " (*People v. Camp* (2015) 233 Cal.App.4th 461, 464, fn. 1.)

sentence if Olvera were deemed eligible, demonstrates that the parties understood the agreement to be the latter.

Further, given that Olvera waived any challenge to an otherwise authorized sentence, he has waived his contention that the trial court abused its discretion in declining to impose a split sentence.

We therefore affirm the judgment of the trial court.

II.

FACTUAL AND PROCEDURAL BACKGROUND

On March 5, 2014, in Riverside County Superior Court, Olvera pled guilty to possession of cocaine for sale, in violation of Health and Safety Code section 11351, and conceded the truth of the enhancement allegation that the amount of cocaine exceed four kilograms (Health & Saf. Code, § 11370.4, subd. (a)(2)), in case number RIF1306228.

On April 29, 2014, the trial court sentenced Olvera to a term of seven years in prison, consisting of a two-year term for the offense, and a five-year term for the enhancement. Pursuant to Penal Code section 1170, subdivision (h), the trial court ordered Olvera to serve three years of his term in local custody and four years on mandatory supervision.

On September 7, 2014, Olvera was released from custody and his mandatory supervision period began.

While on mandatory supervision in Riverside County, Olvera moved to San Diego County. Olvera's mandatory supervision was transferred to San Diego County as of February 6, 2015, and was given case number SCD260762.

On April 20, 2015, a warrant was issued for Olvera's arrest, after his San Diego supervision officer was unable to contact Olvera either on the telephone or in person.

On April 22, 2015, Olvera committed a new offense. He brought 4.7 kilograms of methamphetamine into the United States from Mexico, after having previously committed the offense of possession for sale on a prior occasion. (Health & Saf. Code, §§ 11379, subd. (1), 11370.4, subd. (b), 11370.2, subd. (c).)

On May 26, 2015, Olvera pled guilty to the April 22, 2015 offense in case number SCS278995. The plea form states that the District Attorney and Olvera agreed to the following terms: "dismiss bal., stip 6 y, split if eligible, c/c wrap w/ SCD260762."

At the plea colloquy, the court reviewed the plea form and its terms with Olvera. The trial court stated:

> "Understanding, sir, you are pleading guilty to Count 1, which is the importation charge. You're admitting that you have a prior conviction for something same or similar. You're stipulating to 6 years and local prison, and *we'll look at a split if you're eligible.* [¶] Is that your understanding of what is happening?" (Italics added.)

Olvera answered, "Yes, Your Honor." The court then explained that Olvera's "mandatory supervision . . . could be revoked because of this plea . . . ." Olvera said that he understood this.

The court proceeded to sign the plea form, and formally revoked Olvera's mandatory supervision in the Riverside County case, ordering that Olvera be resentenced in that case, together with the current case.

4

The court held a sentencing hearing on June 23, 2015 at which Olvera was to be sentenced in his new San Diego County case (SCS278995), and resentenced with respect to his Riverside County conviction (RIF1306228/SCD260762).

The probation reports provided to the trial court for Olvera's sentencing recommended that the court sentence Olvera to six years in custody for the more recent offense, and to three years in custody for resentencing in the Riverside case. The reports recommended that Olvera serve the full time in custody—i.e., no split sentence was recommended. In recommending that the court not impose any mandatory supervision period, the probation department noted that Olvera had been on mandatory supervision at the time he committed the more recent offense, and that the nature of the current offense, and his past performance while on supervision, weighed against imposing any period of supervision.

After hearing the trial court explain that the probation department was "recommending against the split," defense counsel said, "Yes, Your Honor. [¶] So, first, I wanted to discuss with the Court the fact that I believe Mr. Olvera should have been considered for reentry court. . . . [¶] . . . [¶] [Alternatively,] [o]ur request would be for the Court to not follow probation, probation's recommendation to not grant Mr. Olvera with a split." Defense counsel explained that she "[did not] think that [the fact that Olvera had been on mandatory supervision when he committed the current offense and had crossed the border to Mexico 53 other times] should be considered by the Court." After discussing the fact that Olvera had performed well on probation in 2007, that he has a family that he helps support, and that mandatory supervision could provide him with

5

services that could help ensure he would not reoffend, defense counsel concluded by saying, "I would request the Court to not follow probation's recommendation and actually grant Mr. Olvera some type of supervision in the community."  Defense counsel made no argument that Olvera was *entitled* to a split sentence pursuant to the terms of the plea agreement.

The People asked the court to follow the probation department's recommendation, noting that Olvera had already previously absconded from supervision and committed the current offense.

The trial court denied defense counsel's request for reentry court.  The court explained that reentry court supervision is for those seeking drug abuse recovery and did not apply to Olvera because he is not an addict.  The court also denied defense counsel's request for a split sentence, noting that Olvera was on mandatory supervision for bringing other contraband into the country at the time he committed another similar offense, and further noting that he had suffered multiple DUI convictions and had been driving on a suspended license on two separate occasions.  The court ordered Olvera to serve a full custody term of six years on the current offense, and three years, concurrent, on the Riverside County case.

Olvera filed a timely notice of appeal.

## III.

## DISCUSSION

A.   *The plea agreement obliged the trial court to consider a split sentence, but did not require the imposition of such a sentence*

Olvera contends that pursuant to the terms of the plea agreement, as evidenced by the words written on his plea form, the trial court was required to impose a split sentence, and that in failing to do so, the court imposed a sentence that was in excess of the terms of the plea bargain.  The People contend that the evidence of the agreement demonstrates that the parties agreed only that the trial court would consider imposing a split, but was not required to do so.

"A negotiated plea agreement is a form of contract, and it is interpreted according to general contract principles."  (*People v. Shelton* (2006) 37 Cal.4th 759, 767.)  " 'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties.  [Citation.]  If contractual language is clear and explicit, it governs.  [Citation.]  On the other hand, "[i]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it."  [Citations.]'  [Citation.]  'The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties.' "  (*Ibid.*)

7

Handwritten notes on the plea form offer the following as descriptors of the terms of the parties' agreement: "dismiss bal., stip 6 y, split if eligible, c/c wrap w/ SCD260762." These shorthand notes do not unambiguously express whether the phrase "split if eligible" was intended to mean that Olvera was entitled to receive a split sentence, pending a determination as to his eligibility under section 1170, subdivision (h)(3), or whether it was intended to mean that Olvera might receive a split sentence, if he were found to be eligible under section 1170, subdivision (h)(3) and the court determined that a split sentence was appropriate. Although Olvera contends that this phrase is unambiguous, we are not convinced. Either interpretation provides a reasonable explanation of the term referred to in the handwritten notes in the plea agreement.

We therefore consider extrinsic evidence, particularly the subsequent conduct of the parties, to determine what the parties agreed to in negotiating the plea agreement. In making this determination, the explanation of the terms that the trial court provided to Olvera during the plea colloquy is highly significant. Before accepting Olvera's plea, the court explained its understanding of the terms of the plea agreement and asked Olvera whether his understanding of the relevant terms was as follows: "You're stipulating to 6 years and local prison, and *we'll look at a split* if you're eligible." (Italics added.) Olvera agreed that he understood the terms to be as the court had stated. In other words, Olvera agreed that his understanding was that the court would consider imposing a split sentence, if it was determined that he was eligible for such a sentence.

The parties' conduct at the sentencing hearing further confirms that the plea agreement as stated by the court during the plea colloquy was a correct expression of the

8

parties' intention. At the sentencing hearing, defense counsel's entire argument was that the trial court should *exercise its discretion* and not adopt the probation department's recommendation that Olvera not be given a split sentence. Defense counsel did not argue that the trial court was *required* to impose a split sentence based on the terms of the plea agreement. The fact that the parties were arguing about how the court should exercise its discretion with respect to whether Olvera should receive some period of mandatory supervision demonstrates that the parties, including the defense, understood that, pursuant to the plea agreement, the court had the discretion not to impose a split sentence.

B.     *Olvera has waived his right to challenge the trial court's exercise of discretion to deny him a split sentence*

In the alternative, Olvera challenges the trial court's exercise of its discretion to sentence him to a term of six years in local custody rather than to impose a split sentence. However, Olvera waived his right to appeal "any sentence stipulated herein." "If . . . the defendant agrees to a bargain which includes a specific or indicated sentence, and if that is the sentence actually imposed, the defendant's waiver will foreclose appellate review of the sentence; any challenge to the sentence will be deemed a challenge to an integral component of the bargain." (*In re Uriah R*. (1999) 70 Cal.App.4th 1152, 1157.)[2] As we have determined, the parties' plea agreement contemplated that the trial court would make a discretionary determination as to whether a split sentence was appropriate, if Olvera was deemed legally eligible for imposition of a split sentence. Olvera's waiver of the

---

[2]     Such a waiver will not, however, prevent review of "claims that the trial court imposed a sentence in excess of its fundamental jurisdiction or the terms of the bargain." (*In re Uriah R*., *supra*, 70 Cal.App.4th at pp. 1157-1158.)

right to appeal "any sentence stipulated herein" prevents him from obtaining review of his challenge to the trial court's discretionary sentencing decision that was contemplated by the plea agreement.

IV.

DISPOSITION

The judgment of the trial court is affirmed.

AARON, J.

WE CONCUR:

McDONALD, Acting P. J.

PRAGER, J.*

_____

\*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.