Filed 4/8/21  P. v. Tagaban CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DAVID TAGABAN,<br><br>    Defendant and Appellant. | A160875<br><br>(Del Norte County Super.<br>Ct. No. CRPB18-5099) |

**MEMORANDUM OPINION[1]**

Defendant David Tagaban appeals from his conviction following a plea of guilty to one count of possessing a weapon in a penal institution (Pen. Code, § 4502, subd. (a)).  In accordance with the negotiated disposition, the multiple strike and prison prior allegations were dismissed and he was sentenced to a stipulated three-year prison sentence, to run consecutively from the prison term he was then serving.

Defendant filed a notice of appeal but did not request a certificate of probable cause.  Defendant's counsel on appeal has filed a brief raising no issues and asking this court to independently review the record to determine

---

[1] This case is appropriately resolved by way of memorandum opinion pursuant to pursuant to California Standards of Judicial Administration, section 8.1.

whether any arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436; *People v. Kelly* (2006) 40 Cal.4th 106.)  Defendant was informed of his right to file a supplemental brief but has not done so.

Penal Code section 1237.5 generally precludes an appeal from a judgment of conviction after a plea of no contest or guilty unless the defendant has applied for, and the trial court has granted, a certificate of probable cause.  There are two exceptions:  (1) a challenge to a search and seizure ruling, as to which an appeal is proper under Penal Code section 1538.5, subdivision (m); and (2) postplea sentencing issues.  (*People v. Shelton* (2006) 37 Cal.4th 759, 766; see *People v. Buttram* (2003) 30 Cal.4th 773, 780.)

Defendant made a motion to suppress.  The principle issue was whether defendant, who was in administrative segregation at Pelican Bay at the time, should have been given *Miranda*[2] warnings prior to making statements to a hearing officer as a witness in an administrative proceeding against a former cellmate.  Based on the evidence, the trial court found the hearing officer conversed with him at the cell door, defendant was not subject to any restraint beyond that to which he was otherwise subject, and he was not under compulsion to speak, but could have declined to say anything.  The trial court accordingly found defendant was not subject to a custodial interrogation and therefore was not entitled to *Miranda* warnings prior to speaking.  Having reviewed the record on the suppression motion, it is apparent defendant received able representation, the issue was very thoroughly briefed, and the trial court's ruling from the bench is grounded in the law and supported by evidence in the record.  (See *People v. Leonard* (2007) 40 Cal.4th 1370,1376, 1401-1402 [although defendant was in custody

---

[2]  *Miranda v. Arizona* (1966) 384 U.S. 436.

for murder, *Miranda* warnings not required prior to video-taped conversation with his father that took place in interrogation room; police "did not compel or coerce defendant to talk to his father"]; *People v. Macklem* (2007) 149 Cal.App.4th 674, 686-696 [extensive analysis of when defendant already in custody is subject to custodial interrogation for *Miranda* purposes*; Miranda* warnings not required before defendant, who was in custody on murder charges, spoke with detective about altercation with another inmate, as reasonable person in defendant's position would have understood he could end questioning and interview].)

We have also reviewed the transcript of the change of plea proceeding. The trial court duly reviewed with defendant his executed waiver of rights form, confirmed with counsel there was a factual basis for the plea, and advised and questioned defendant to confirm he understood the terms of the disposition, agreed with them, and entered into the negotiated disposition freely and knowingly. Again, defendant was ably represented by counsel, he was sentenced in accordance with the negotiated disposition, and the court addressed defendant's ability to pay the fines and fees imposed.

## DISPOSITION

Having reviewed the record, we conclude there are no arguable issues and AFFIRM the judgment.

_____

Banke, J.

We concur:


_____

Humes, P.J.


_____

Margulies, J.

A160875, People v. Tagaban

4