Filed 11/19/25  P. v. Wilson CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ADRIAN DESHAWN WILSON,<br><br>Defendant and Appellant. | B340500<br><br>(Los Angeles County<br>Super. Ct. No. 24SFCF00421) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hilleri G. Merritt, Judge.  Appeal dismissed.

Teresa Biagini, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————————

Adrian Deshawn Wilson appeals from a judgment entered after he pled no contest to one count of attempted second degree robbery under Penal Code sections 211 and 664. Pursuant to Wilson's plea deal, the trial court sentenced him to time served.

Wilson's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no arguable issue and requesting that this court independently review the record. Counsel and this court sent written notice of Wilson's right to file a supplemental brief to his address of record. Our notice was returned as undeliverable with no forwarding address. The clerk of this court requested that counsel file notice of Wilson's current address, but counsel was unable to locate him. Because Wilson failed to provide his current contact information as the Rules of Court require, we conclude that the notice sent to his address of record was adequate. (See Cal. Rules of Court, rule 8.32(a)-(b)(1).)

We have reviewed the entire record and discerned no arguable issue. Because Wilson pled no contest to his offense of conviction and did not obtain a certificate of probable cause, we dismiss the appeal. (See Pen. Code, § 1237.5; *People v. Shelton* (2006) 37 Cal.4th 759, 769.)

## BACKGROUND

In August 2024, by information, the Los Angeles County District Attorney charged Wilson with two counts of attempted second degree robbery. (Pen. Code, §§ 211, 664.) The People alleged as to both counts that Wilson had served a prior prison term and prior county jail term (*id.*, § 1170, subd. (h); Cal. Rules of Court, rule 4.421(b)(3)); that he had previously performed unsatisfactorily on probation (Cal. Rules of Court, rule

4.421(b)(5)); that in committing the charged offenses he engaged in violent conduct that indicated a serious danger to society (*id.*, rule 4.421(b)(1)); and that he was on probation at the time of the charged offenses (*id.*, rule 4.421(b)(4)). It was further alleged that he had been convicted of a strike offense.

### A. Wilson attempted to steal products from a grocery store and struck two managers who intervened.

We summarize the facts of Wilson's offense as described in the probation report, which supplied the factual basis for his no-contest plea to count 1 (attempted second degree robbery against Kelly Lee Jacoby).

On March 22, 2024, Los Angeles County Sheriff's Department deputies responded to a silent alarm call at a Stater Bros. grocery store. Upon arrival, the deputies observed Wilson seated on the ground near Jacoby (a store manager) and Matthew Norris (Jacoby's supervisor). Store personnel supplied the deputies with surveillance video recorded inside the store that day, which showed the following: Jacoby and Norris confronted Wilson near the store's sushi bar and attempted to retrieve a gray duffle bag he was carrying, which was filled with items. Wilson hugged the bag to his chest, and a struggle over the bag ensued, during which grocery items fell out of the bag. Wilson punched the top of Norris's hand and pushed both Norris and Jacoby several times.

Wilson exited the store. Jacoby and Norris ran after him and detained him until the deputies arrived. The deputies arrested Wilson for attempted robbery.

**B.** **The trial court granted Wilson's first *Faretta* motion, but revoked his self-represented status due to his disruptive behavior.**

On March 28, 2024, Wilson was arraigned on a complaint charging two counts of attempted robbery (the complaint was later superseded by the information described above). He made a *Faretta* motion to represent himself.[1] The trial court granted the motion. During the court's colloquy with Wilson regarding his *Faretta* waiver, the court admonished him that misconduct, including interrupting the court, might constitute good cause to revoke his self-represented status. The court noted on the record that Wilson had interrupted the court multiple times and exhibited disrespect to the court.

Wilson pled not guilty to both counts and denied all allegations. The court granted the prosecution's motion to remand Wilson to custody on bail, and denied his request to be released on his own recognizance. During the court's explanation of its ruling, Wilson repeatedly interrupted the court, criticized the court for "dragging [its] feet," and directed profanity at the court and its bailiff. The court revoked Wilson's self-represented status due to his disruptive behavior.

Wilson continued engaging in similar behavior. The court ordered him removed from the courtroom and noted that defense counsel was present to represent him. Through counsel, Wilson again pled not guilty to both counts and denied all allegations.

On the date initially set for the preliminary hearing, Wilson's counsel raised a doubt as to his competency to stand trial. The trial court suspended criminal proceedings and transferred the matter to the mental health court.

---

[1] *Faretta v. California* (1975) 422 U.S. 806.

4

The mental health court appointed an expert to evaluate Wilson's competency. On July 10, 2024, the mental health court admitted the expert's report into evidence, found Wilson competent to stand trial, and reinstated criminal proceedings.

## C. The trial court denied additional *Faretta* and *Marsden* motions and held Wilson to answer.

On July 11, 2024, Wilson made a second *Faretta* motion. The trial court denied the motion based on reports from the sheriff's department regarding Wilson's disruptive behavior in custody.

Wilson then made a *Marsden* motion to replace his appointed counsel.[2] He made several complaints about his defense attorney and maintained that he wanted to represent himself. The court denied the motion.

On July 23, 2024, at the preliminary hearing, Wilson made a third *Faretta* motion, which the trial court denied for the reasons it had denied his prior *Faretta* motion. He also made a second *Marsden* motion, which the court denied. The prosecution then called its sole witness, victim Jacoby. After Jacoby entered the courtroom but before she took the witness stand, Wilson addressed the trial judge as a "female chauvinist pig" and demanded that she recuse herself or rule in his favor on his *Faretta* or *Marsden* motion. The court noted for the record that Wilson was screaming and cursing at the court. To prevent further delay of the preliminary hearing, the court ordered Wilson removed from the courtroom due to his disruptive behavior.

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

5

Jacoby testified that on the day of the charged robberies, inside the grocery store where she worked as a manager, she saw Wilson place sushi and chicken down his pants and potato salad in a personal bag. She saw him attempt to exit the store without paying. She stopped him at the door and told him he could not leave with the store's products; he insisted he would. She and Norris, her supervisor, grabbed Wilson's bag. Wilson threw the items out of the bag and started kicking the items. He scratched Jacoby's arms and punched Norris twice.

The court denied defense counsel's motion to dismiss the charges for insufficient evidence and held Wilson to answer on both counts.

**D.    The trial court granted Wilson's fourth *Faretta* motion.  He pled no contest to count 1 and was sentenced to time served.**

On August 6, 2024, at the arraignment on the information, Wilson pled not guilty to both counts and denied all allegations. He made a fourth *Faretta* motion. After Wilson reviewed and signed a *Faretta* waiver, the trial court accepted his waiver and granted the motion. The court appointed standby counsel.

On August 19, 2024, Wilson pled no contest to count 1 (attempted second degree robbery against Jacoby). Pursuant to Wilson's plea deal, the trial court dismissed count 2 and all enhancements, and sentenced Wilson to 304 days in county jail, with 304 days of credit.

On August 21, 2024, from the county jail where Wilson then remained in custody, he mailed to the trial court an in pro. per. notice of appeal, in which he provided his mailing address at

the jail.  He provided no other contact information.[3]  On August 29, 2024, the trial court received and filed the notice of appeal.  Wilson did not request a certificate of probable cause.

## DISCUSSION

We appointed counsel to represent Wilson on appeal.  After examining the record, counsel filed a *Wende* brief raising no arguable issue and requesting that we independently review the record.  (*Wende*, *supra*, 25 Cal.3d at pp. 440-441.)  Counsel declared that she mailed copies of the *Wende* brief and the appellate record, along with a letter explaining Wilson's right to file a supplemental brief, to Wilson's last known address, i.e., the address that he provided in his notice of appeal.  In September 2025, we also sent Wilson a letter to the same address, explaining he could, within 30 days, "submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which [he] wishes this court to consider."

Our letter was returned as undeliverable with no forwarding address.  In October 2025, the clerk of this court requested that counsel file notice of Wilson's current address.  Counsel responded that she was unable to locate Wilson despite her best efforts.  Because Wilson failed to provide his current contact information as the Rules of Court require, we conclude that the written notice sent to his address of record was adequate.  (See Cal. Rules of Court, rule 8.32(a)-(b)(1).)

We have examined the entire record and are satisfied that counsel has complied with counsel's responsibilities and that no

---

[3] The probation report stated, in the space provided for Wilson's "present/release address," that he was "transient" in Los Angeles.

arguable issue exists.  (*Wende, supra,* 25 Cal.3d at pp. 440-441; *People v. Kelly* (2006) 40 Cal.4th 106, 119.)  Because Wilson pled no contest to his offense of conviction and did not obtain a certificate of probable cause, we dismiss the appeal.  (See *People v. Shelton, supra,* 37 Cal.4th at p. 769, citing *People v. Mendez* (1999) 19 Cal.4th 1084, 1096-1099.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED

M. KIM, J.

We concur:

ROTHSCHILD, P. J.

WEINGART, J.